385 So.2d 830 (1980)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY and Phillips Oil Corporation.
No. 13254.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
*831 Paul M. Hebert, Jr., Pamela A. Prestridge, Baton Rouge, of counsel for plaintiff-appellee, South Central Bell Tel. Co.
Daniel R. Atkinson, Baton Rouge, Joseph W. Cole, Jr., Port Allen, of counsel for defendants-appellants, Hartford Acc. & Indem. Co. and Phillips Oil Corp.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Hartford Accident & Indemnity Company (Hartford) and Phillips Oil Corporation *832 (Phillips), defendants-appellants, seek reversal of a judgment casting them in damages. We affirm.
On August 2, 1974, South Central Bell Telephone Company (Bell) discovered gasoline leaking from an underground line at a service station in Baton Rouge. The gasoline had irreversibly damaged a Bell conduit. Replacement was necessary.
Suit was filed against the defendants. Following trial, judgment was rendered against Phillips and Hartford in the amount of $10,000.00 and against Phillips alone for $58,371.67.
On appeal, Phillips specifies five errors:
1) LSA-C.C. Art. 667 was improperly applied.
2) LSA-C.C. Art. 2317 was improperly applied.
3) There was no connection between the gas leakage and damage to the conduit.
4) Prescription should bar any recovery.
5) The damages awarded were excessive.
With two observations, we adopt, as the basis for our decision, the following excellent trial court opinion by Judge Shortess.

"WRITTEN REASONS FOR JUDGMENT
STATEMENT OF THE CASE
This is a suit for damages sustained by South Central Bell (Bell) to certain telephone cables and an underground conduit in 1974 as a result of gasoline leakage on the premises of the Amoco Station located at the intersection of College Drive and Perkins Road in the City of Baton Rouge. Plaintiff sued Phillips Oil Corporation (Phillips), the Amoco distributor for Baton Rouge, and its insurer, Hartford Accident and Indemnity Company. Petitioner alleges that Phillips is liable because of its improper use of its property, its negligence, or both, and that Hartford Accident and Indemnity Company is liable in solido as the insurer of Phillips.
The defendants generally deny Bell's allegations and deny any negligence or fault contributing to the damage. Alternatively, they have raised an exception of prescription, and further in the alternative, claim contributory negligence and/or assumption of risk and further that the petitioner had no lawful right to be on the property, so Phillips' only obligation was not to willfully or wantonly injure Bell.
STATEMENT OF THE FACTS
In 1968, the Parish planned to improve College Drive by widening the street. Pursuant thereto, a right-of-way on the property which is the subject of this suit was obtained from the owner. Bell obtained permission from the City-Parish to place, and did install, an underground conduit within the right-of-way for College Drive in coordination with the road widening project along the entire length of College Drive. On August 2, 1974, damage to the conduit was discovered by a Bell repairman. This suit was filed on August 1, 1975.
CAUSE IN FACT
In order to hold a defendant liable under La.C.C. Art. 2315, 2317, or 667, the plaintiff has the burden of proving the defendant's actions were a cause in fact of the injury sustained. See Reese v. South Coast Corporation, 328 So.2d 169, at 171 (La.App. 1st Cir.1976). Bell offered no direct evidence to establish that Phillips was responsible for the damaged conduit. However, causation may be proved by circumstantial evidence and that evidence need not negate all other possible causes, but such evidence must exclude other reasonable hypotheses with a fair amount of certainty. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (La.1963); Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La.1973).
This court finds a sufficient degree of certainty in the evidence here presented to conclude that the damage to the Bell conduit occurred as a result of gasoline leakage from the Amoco Station at the *833 corner of College Drive and Perkins Road.
Evidence to support this finding came from the testimony of several witnesses who established that on August 2, 1974, gasoline was discovered in a manhole at the corner of Perkins Road and College Drive. As a result of this gasoline leakage, Bell cables and its conduit were damaged. A gas leak was found at the Amoco Station at the corner of College Drive and Perkins Road, and it was repaired on August 8, 1974. A cable located in the manhole was repaired in September of 1974. In 1977, in preparation for replacing the damaged conduit, test holes were dug in order to determine how much of the conduit had to be replaced. The test hole adjacent to the Amoco Station revealed fresh gasoline. The station manager was notified and he admitted that three tanks had be to replaced in 1977 because they were leaking.
Consequently, due to the close proximity of the Amoco Station and the incidents of leakage at the Amoco Station, the court finds that the damage to the South Central Bell conduit was caused by gasoline leakage from the Amoco Station.
LIABILITY
Under the facts of this case, the legal basis for determining liability lies either under C.C. Art. 2317 or 667. Both articles impose liability without negligence. Loescher v. Parr, 324 So.2d 441 (La.1975). Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
However, in the interest of brevity, this court will limit its legal analysis to C.C. 2317.* Article 2317 imposes liability for `things which we have in our custody.' This court finds that Bell has established the required elements of proof to impose liability on Phillips Oil under Art. 2317. Bell has proved (a) that the thing (gasoline in tanks) which caused the damage was in the care of the defendant, (b) the defect or vice (leaking tanks), and (c) that the damage occurred through this defect or vice. The guardian of the leaking tanks is therefore liable for his legal fault in maintaining the defective gasoline tanks and in not preventing its vice from causing injury. Phillips failed to show that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force, Loescher v. Parr, supra.
* In this case the violation of the duty imposed by C.C. Art. 667 lies in the presence and maintenance of leaking gasoline storage tanks (a defective construction). Gasoline is a highly solvent liquid. This is not a suit for removal of Bell's conduit, Koch v. Louisiana Power & Light Company, 298 So.2d 124 (La.App. 1st Cir.1974). Since Bell had City-Parish consent to be present on the City's servitude, Bell is a neighbor within contemplation of Article 667. See Joubert v. State of La., 345 So.2d 220 (La.App.3d Cir.1977).
The defendant contends that the damage was caused by the fault of the victim (Bell) in failing to install a conduit which would be impervious to gasoline. However, at the time the conduit was placed in the ground, it was the only conduit available. Bell had no cause to believe either that gasoline would damage the conduit or that the conduit would be subjected to gasoline leakage.
As a result, Bell did not cause the damage through its own fault. Additionally, Bell, being unaware of any actual imminent danger or potential damage from gasoline leakage, did not assume the risk of such damage.
DUTY TO THIRD PERSONS
Since the basis for liability is C.C. Art. 2317, this court finds it unnecessary to determine (1) the applicability of La.R.S. 45:781, (2) the applicability of the St. Julian Doctrine, or (3) the status of the plaintiff relative to the defendant. Under the theory of liability without negligence, there is no sliding scale of duty according to the identity of the person injured. W. S. Malone, Studies in Louisiana Tort Law, p. 352 (1970).
The possible defenses afforded to Phillips under Loescher v. Parr, supra, do not include plaintiff's status.
*834 PRESCRIPTION
The prescriptive period for quasi offenses is one year, C.C. Art. 3536. Bell discovered the damage on August 2, 1974. Suit was filed within one year of discovery of the damage, August 1, 1975. Although there is evidence that troubles on Bell's lines which might have been caused by the leaking gasoline occurred prior to August 2, 1974. Bell exerted due diligence in trying to locate the problem and, therefore, should not have known about the damage prior to August 2, 1974. Dean v. Hercules, Inc., 328 So.2d 69, at p. 73 (La.1976). The defendant's exception of prescription is overruled.
Bell is entitled to damages to repair its cable and replace its conduit, as follows:

For cable repair $ 4,728.69
For replacement of conduit 63,642.98

Judgment will be signed accordingly.
BATON ROUGE, LOUISIANA, this 15th day of December, 1978."
Uncontradicted testimony by Carl L. Meriweather, Jr., the Amoco Station's nominal lessee, buttressed by that of O. J. Walker, clearly established that Phillips was responsible for the maintenance and upkeep of the tanks and lines which leaked and were responsible for the damage to plaintiff's property. Since the tanks were under Phillips' control, Phillips is liable for the damage caused. LSA-C.C. Art. 2317.
We find that the record clearly supports the amount of damages awarded.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Phillips Oil Corporation.
AFFIRMED.