485 So.2d 168 (1986)
William J. FOWLER, Plaintiff-Appellant,
v.
STATE FARM FIRE & CASUALTY INSURANCE CO., et al., Defendants-Appellees.
No. 17596-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
Writ Denied May 1, 1986.
Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellant.
*169 Lunn, Irion, Johnson, Salley & Carlisle by Frank M. Walker, Jr., Shreveport, for defendants-appellees.
Before HALL, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
This is an appeal of a trial court judgment rejecting a personal injury claim for damages. The plaintiff-appellant is William J. Fowler. The defendants-appellees are the State Farm Fire & Casualty Insurance Company and its insured Dr. and Mrs. Robert Zahn.

FACTS
About 10:00 a.m. on December 22, 1982, the plaintiff and his wife arrived at the newly purchased two-storied home of Dr. and Mrs. Robert Zahn for the purpose of participating in the interior decoration of the residence. They were met by Mrs. Zahn, her 9 year old son, and 5 year old daughter.
After taking measurements of the bottom floor the group proceeded to a room on the second floor. This room had access to a balcony through a set of French doors composed partly of a double pane safety glass window. One of these doors was latched in place. The doorknobs contained a push-button type latch which locked automatically when the doors closed unless manually released. Once locked, the doors could only be opened from inside the room without a key. Someone in the group opened the operable door and they all stepped out onto the balcony so that additional observations could be made.
The plaintiff was the last out and was in the process of closing the doors when Mrs. Zahn warned him to stop as the doorknob lock had not been released. The admonition came too late and the group found themselves stranded on the balcony as Mrs. Zahn had left the key to the door in the kitchen on the bottom floor. There was one other door to the balcony but it was largely made of double pane safety glass and was also locked.
The group's first attempted solution to their predicament was to yell and scream in order to attract the attention of workmen at an adjacent residence. This effort was not immediately successful. Mrs. Zahn then considered jumping the estimated 10 feet to the ground but this solution was rejected because she was three months pregnant. Mrs. Zahn then suggested that she lower her 9 year old son over the edge of the balcony and drop him to the ground. Her son refused to be dropped and reacted to this solution by crying and having an asthma attack. The evidence established that the boy frequently had these attacks and his mother did not consider them to be serious. Mrs. Zahn's 5 year old daughter cried extensively because of the group's entrapment.
The plaintiff decided that he would make the jump from the balcony because he did not wish to remain there until the party could attract someone's attention and get the door opened from inside. He decided not to attempt to hang down from the balcony and drop to the ground as he did not feel that he could physically hang on to the balcony floor. The plaintiff's wife admonished him not to jump as she feared that he would break his neck. The plaintiff ignored his wife's warning. He climbed over the handrail and positioned his 5' 10" 218 lb. body on the outer edge of the balcony. As his wife was unsuccessfully trying to break the French door window with the wooden heel of her shoe the plaintiff leaped to the ground, breaking his right leg and fracturing his left ankle upon impact. The plaintiff lay on the ground for approximately thirty minutes until the screams of the group on the balcony attracted the attention of a neighbor's yard man who called an ambulance and unlocked the balcony door from the inside.
The plaintiff filed suit against Dr. and Mrs. Zahn, as owners of the residence, and their insurer, State Farm & Casualty Insurance Company.
Following a trial judgment was rendered rejecting plaintiff's demands.
The plaintiff appealed.
*170 The plaintiffs assignments of error present the following issues for decision:
(1) Was the trial court clearly wrong in applying the duty/risk analysis and finding that the defendant's conduct was not the legal cause of the damage incurred?
(2) Was it error for the trial court to conclude that the self-locking balcony doors were not defective under LSA-C.C. art. 2317 and not the legal cause of the injuries incurred?
(3) Was the trial court clearly wrong in ruling that the plaintiff's conduct, in jumping from the balcony, did not come within the "rescue doctrine?"

LAW ON LEGAL CAUSATION
A defendant's conduct is actionable under the duty-risk analysis of LSA-C.C. art. 2315, or the strict liability provisions of LSA-C.C. art. 2317, where it is both a cause in fact of the injury and a legal cause of the harm incurred. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); South Central Bell Tel. Co. v. Hartford Acc., 385 So.2d 830 (La.App. 1st Cir.1980), writ den., 386 So.2d 356 (La.1980). The cause in fact test requires that but for the defendant's conduct, the injuries would not have been sustained. The legal causation test requires that there be a substantial relationship between the conduct complained of and the harm incurred. Sinitiere v. Lavergne, supra.
Counsel for the plaintiff argues that Mrs. Zahn's conduct in forgetting the house key, and in not releasing the automatic lock when the balcony door was opened, amounted to negligence that was the legal cause of the plaintiff's injuries. We do not agree.
While Mrs. Zahn's actions certainly satisfy the "but for" cause in fact requirement, there is not a substantial relationship between her omissions and the plaintiff's decision to jump. As noted by the trial court, the day was clear and warm, approximately 65°-70°, and the incident occurred at mid-morning. Time was on plaintiff's side and the longer he stayed, the greater the chance of being heard and spotted by the workmen at the adjacent residence. The cause of the plaintiff's injuries was his decision to jump and avoid the inconvenient delay of waiting for Dr. Zahn to arrive or for the workmen to respond. Another factor in the legal causation of the plaintiff's injuries was his error in judgment as to the feasibility of safely landing on the ground some ten feet below.
The trial court was correct in ruling that Mrs. Zahn's conduct was not the legal cause of the plaintiff's injuries. Our decision as to the true legal cause of the accident results in it being unnecessary for us to discuss the issue of the alleged defective condition of the self-locking balcony doors under LSA-C.C. art. 2317 as the causation requirement under this article is identical to that under LSA-C.C. art. 2315. South Central Bell Tel. Co. v. Hartford Acc., supra. The locked door did not cause the plaintiff's injury.
LAW ON THE "RESCUE DOCTRINE"
The jurisprudence recognizes that an individual who places himself in danger as a result of an emergency is not held to the same degree of care normally required of an ordinarily prudent person. One who acts upon sudden impulse as a "rescuer" in coming to the aid of another in danger, peril or distress, is not guilty of contributory negligence in exposing himself to a known danger if he does not act rashly or recklessly. Callais v. Furniture Showrooms, Inc., 213 So.2d 537 (La.App. 1st Cir.1968). The application of the "rescue doctrine" presupposes a finding that the defendant's fault was a legal cause of the injuries sustained. Inseco v. Cambridge Mut. Fire Ins. Co., 447 So.2d 606 (La.App. 3d Cir.1984), writ den., 449 So.2d 1350 (La. 1984); Callais v. Furniture Showrooms, Inc., supra. We need not decide whether the rescue doctrine could have been applicable to this case because we have previously concluded that the defendant's conduct was not the legal cause of the plaintiff's injuries.

*171 CONCLUSION
The judgment is AFFIRMED. All costs are assessed against the plaintiff.