**Jimmy Dale PERRY,**
**Plaintiff-Appellant,**

v.

**CHEVRON, U.S.A., INC., Defendant-Third Party Plaintiff-Appellee-Appellant-Cross Appellee,**

v.

**DUAL MARINE COMPANY OF TEXAS and Highlands Insurance Company, Third Party Defendants-Appellees-Cross Appellants.**

No. 88-3773.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1990.

Eldon E. Fallon, Stevan C. Dittman, Kierr, Gainsburgh, Benjamin, Fallon, David & Ates, New Orleans, La., for plaintiff-appellant.

Kennedy J. Gilly, Jr., Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for Chevron.

Daniel A. Webb, New Orleans, La., for Highlands.

James F. Holmes, New Orleans, La., for Dual Drilling.

## ON PETITION FOR REHEARING

Before BROWN, REAVLEY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In our opinion of November 6, 1989 appearing at 887 F.2d 624, we affirmed the judgment in favor of Chevron against the claim of the injured Perry on the strength of the jury finding that the defect in Chevron's cathead was not the legal cause of Perry's injury. Perry has now moved for rehearing, urging that the district court did not charge the jury properly on legal cause and that we have allowed the jury to find that Dual's negligence relieved Chevron of its nondelegable duty of repair. We deny the motion.

The district court's instruction to the jury is quoted in footnote 2 of the prior opinion. For the jury to find the causal relation between the defect and the victim's fault, they were told by the court that the defect must be "a substantial factor contributing to the plaintiff's injury" and that the injury must have been "either a direct result or a reasonably probable consequence of the fault." The instruction was in accord with Louisiana law. *See Sinitiere v. Lavergne*, 391 So.2d 821 (La.1980); *Taylor v. Mitcham*, 499 So.2d 173 (La.Ct. App.1986); *Fowler v. State Farm Fire & Cas. Ins. Co.*, 485 So.2d 168 (La.Ct.App. 1986).

Unquestionably, Chevron could not be relieved of its duty to repair the cathead. Nevertheless, it was not liable because the cathead defect was found by the jury not to be the legal cause of Perry's injuries. The evidence supported that finding. After learning of the problem with the cathead, Dual changed its work practice from the normal safe positioning of Perry and the other floorhands away from the tongs as long as the driller allowed pressure to be supplied to the tongs by the cathead. That procedure was necessary to avoid injury to a floorhand from the tongs which could occur in the absence of any defect or malfunction of the cathead. Under the changed procedure Perry was instructed by the Dual driller to push against the tongs to disengage the cathead. That was unsafe, as the driller admitted on the stand, and Perry was in fact injured in following the new procedure and while in the zone of danger pushing against the tongs. The jury was entitled to find this change in Dual's method of operation to have been the legal cause of Perry's injury.

PETITION FOR REHEARING DENIED.