583 So.2d 835 (1991)
Lamar KEEN
v.
LOUISIANA FARM BUREAU INSURANCE COMPANY and William E. Dykes.
No. CA 89 2082.
Court of Appeal of Louisiana, First Circuit.
April 15, 1991.
Rehearing Denied July 2, 1991.
Writ Denied October 18, 1991.
Harry T. Widmann, New Orleans, for appellant, Lamar Keen.
John J. Hainkel, Jr., New Orleans, for appellees, Louisiana Farm Bureau Ins. Co. and William E. Dykes.
Before EDWARDS, LANIER and GONZALES, JJ.
*836 EDWARDS, Judge.
Peremptory exceptions raising the objections of "no right and/or cause of action" were granted by the trial court in favor of the defendant, William E. Dykes, and his insurer, Louisiana Farm Bureau Mutual Insurance Company, dismissing this tort claim for damages for emotional distress and physical injuries. The plaintiff, Lamar Keen, has brought this appeal. We affirm the dismissal of his suit.
From the petition we note that events surrounding a tragic hunting accident form the basis for this lawsuit. On or about April 23, 1988, the plaintiff went hunting with a close friend, Harold Vige, in St. Helena Parish. Shortly after 6:00 p.m., Mr. Vige observed a motor vehicle parked near the hunting area and went to investigate. Mr. Keen heard a shot come from the direction his friend had travelled toward and went to check on Mr. Vige. At this point Mr. Dykes appeared and informed plaintiff that he had shot a man. The plaintiff alleged this was as a result of Mr. Dykes discharging a firearm at an unidentified object.
While searching for Mr. Vige, Mr. Keen allegedly sustained contusions and abrasions. Coming upon his friend who had already died from his wound, Mr. Keen suffered emotional distress allegedly requiring the care of a psychologist.
The plaintiff's petition states that he received both physical and emotional injuries because of the negligence of Mr. Dykes.
On appeal, plaintiff's only assignment of error is that the trial court erred when it granted defendants' objections of no right/ cause of action and dismissed plaintiff's suit. He contends that the following two questions of law are presented:
(1) Whether Lamar Keen received injuries as a "rescuer" when he rushed to help Harold Vige, whom defendant had mortally wounded.
(2) Whether Lamar Keen is entitled to recover his anguish damages arising out of the fatal shooting of his close friend.
Initially we note that defendants' peremptory exceptions, though inartfully phrased, raise two distinct objections: (1) plaintiff has no right of action, and (2) plaintiff has no cause of action. The first objection questions whether plaintiff is the proper person to sue for his own injuries. LSA-C.C.P. art. 927(5); McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986). The second objection questions whether plaintiff is afforded any remedy at law for his asserted damages. LSA-C.C.P. art. 927(4); White v. State, Department of Public Safety and Corrections, 569 So.2d 1001 (La.App. 1st Cir.1990). The two are not synonymous, nor are they interchangeable.
With regard to plaintiff's first question, which concerns only his alleged physical injuries, we do not find the application of the rescue doctrine appropriate. In Fowler v. State Farm Fire and Casualty Insurance Co., 485 So.2d 168 (La.App. 2d Cir.), writ denied, 487 So.2d 441 (La.1986), our brethren in the Second Circuit succinctly stated the prerequisite for triggering this doctrine:
The jurisprudence recognizes that an individual who places himself in danger as a result of an emergency is not held to the same degree of care normally required of an ordinarily prudent person. One who acts upon sudden impulse as a "rescuer" in coming to the aid of another in danger, peril or distress, is not guilty of contributory negligence in exposing himself to a known danger if he does not act rashly or recklessly. The application of the "rescue doctrine" presupposes a finding that the defendant's fault was a legal cause of the injuries sustained. [Citation omitted.]
485 So.2d at 170.
Whether Mr. Dykes' actions are a "legal cause" of plaintiff's alleged injuries must be determined by the duty-risk analysis. The pertinent questions are:
1. Was the affirmative conduct a cause-in-fact of the resulting harm?
2. Was there a duty to protect this plaintiff from this type of harm arising in this manner?

*837 3. Was that duty breached?
Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).
Our focus in this instance is upon the second question, whether there was a duty to Mr. Keen by Mr. Dykes for the former's alleged injuries. We answer it in the negative.
Tort law in Louisiana has generally allowed damages for mental pain and anguish. However, until recently this type of damage has not been recoverable by third parties not directly injured by the tortfeasor. In Lejeune, the Supreme Court reversed a long line of jurisprudence denying claims for emotional distress damages for injuries to third persons. The court held that a woman could state a cause of action for her emotional distress upon discovering that her comatose husband had suffered rat bites during his hospitalization in the defendant hospital. However, the court imposed the following "modifications and restrictions" as guidelines to control the allowance of recovery:
1. A claimant need not be physically injured, nor suffer physical impact in the same accident in order to be awarded mental pain and anguish damages arising out of injury to another. Nor need he be in the zone of danger to which the directly injured party is exposed. He must, however, either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition.
2. The direct victim of the traumatic injury must suffer such harm that it can reasonably be expected that one in the plaintiff's position would suffer serious mental anguish from the experience.
3. The emotional distress sustained must be both serious and reasonably foreseeable to allow recovery. Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating. For instance, Paugh v. Hanks, 6 Ohio St.3d 72, 451 N.E.2d 759, 765 (1983) held that "serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." A non-exhaustive list of examples of serious emotional distress includes neuroses, psychoses, chronic depression, phobia and shock. Paugh, supra; Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980).
4. A fourth restriction concerns the relationship of the claimant and the direct victim. Considering the significant delimiting effect of the first three requirements, a plausible argument can be made for allowing these damages at least to all claimants having a close relationship with the victim. For instance, Professor Ferdinand Stone has stated that: "The test (for recovery) should not be blood or marriage, but rather whether the judge or jury is convinced from all the facts that there existed such a rapport between the victim and the one suffering shock as to make the causal connection between the defendant's conduct and the shock understandable." 12 F. Stone, Louisiana Civil Law Treatise Tort Doctrine, § 170 (1977).
On the other hand, it is perhaps also plausible to restrict recovery to all close relatives, such as spouse, children, parents and siblings. [Footnotes omitted.]
556 So.2d at 570.
Plaintiff's claim herein obviously meets the first requirement; Mr. Keen actually discovered his friend's body immediately after the shooting. Also obvious is the satisfaction of the second requirement herein, as the injury to the victim, Mr. Vige, was fatal. Death is certainly sufficiently harmful to cause mental anguish to someone in plaintiff's position. For the purposes of this objection, we must accept as true Mr. Keen's allegations that he required treatment by a psychologist for his "severe emotional injuries"; thus, arguably, he could meet the third requirement of serious injury, which would be a matter *838 of proof. It is entirely foreseeable that coming upon a friend's body shortly after his shooting death would cause emotional distress to Mr. Keen.
However, we find that the plaintiff does not overcome the fourth restriction of Lejeune, concerning the relationship of the claimant and the direct victim. In Lejeune, while allowing the victim's wife to qualify as "a permissible claimant," the Supreme Court expressly declined to narrowly define the class of permissible claimants, stating "... we leave for another day a decision whether recovery should be allowed only for close relatives (and if so, which ones), or rather, for those with simply a close relationship to the victim." 556 So.2d at 570-571. Without drawing any unnecessary lines, we hold that plaintiff is not a permissible claimant for emotional distress damages.[1] Thus, while no one other than Mr. Keen could assert a claim for his emotional distress, the law does not afford a remedy, or cause of action, to him. Because it is not possible for the plaintiff to amend the petition to state a cause of action, the trial court correctly dismissed the case with prejudice without giving him an opportunity to amend. La.C.C.P. art. 934; Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986). Because we find merit in the objection of no cause of action, it is unnecessary to review the ruling on the objection of no right of action.
For the foregoing reasons, the judgment sustaining the peremptory exception raising the objection of no cause of action is affirmed. The plaintiff is cast for all costs.
AFFIRMED.
NOTES
[1] We note that since its decision in Lejeune, the Supreme Court has also handed down the case of Clomon v. Monroe City School Board, 572 So.2d 571 (La.1990), which allowed the recovery of emotional distress damages by the driver of a vehicle who struck and killed a handicapped four-year-old child. The child had just been discharged from a school bus, which deactivated its flashing lights and drove off, leaving the boy in the center of the street, when Ms. Clomon rounded a curve and hit the child. Because of important differences between Clomon and this case, including the existence of a "direct, special statutory duty" which the Supreme Court found was owed to Ms. Clomon by the defendant, not present herein, and the fact that Clomon's plaintiff was not a bystander as this plaintiff was, but a direct participant, we have not relied upon Clomon in reaching our decision.