556 So.2d 876 (1990)
Delois D. NICHOLS, Plaintiff-Appellant,
v.
Patricia King Wynn NICHOLS, the City of Minden, and the Minden Police Department, Defendants-Appellees.
No. 21076-CA.
Court of Appeals of Louisiana, Second Circuit.
January 24, 1990.
Rehearing Denied February 22, 1990.
Concurring Opinion February 28, 1990.
*877 Randy D. Elkins, Minden, for appellant, Delois D. Nichols.
Kitchens, Benton, Kitchens, Bolin & Warren by Paul E. Kitchens, Minden, for appellees, City of Minden and the Minden Police Dept.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
Concurring Opinion of Judge Marvin February 28, 1990.
SEXTON, Judge.
The plaintiff, Mr. Delois D. Nichols, appeals the trial court's granting of a summary judgment in favor of the City of Minden and the Minden Police Department. We affirm.
On September 9, 1986, the plaintiff and his wife were involved in a rule to show cause relating to their pending suit for legal separation. After their rule was continued, the parties exited the courtroom. As they were standing in the hallway at approximately 3:00 p.m., the plaintiff's wife, Patricia King Wynn Nichols, told the plaintiff that she would "shoot him" and "kill him" if he returned to their home in Minden. Mrs. Nichols, who apparently had a history of mental instability, had previously left the matrimonial domicile, and Mr. Nichols was residing there alone at this time.
Mr. Nichols advised his counsel of what had transpired. His attorney advised him to seek the assistance and protection of the Minden Police Department prior to returning to his home. Mr. Nichols then left the Webster Parish Courthouse and went directly to the Minden Police Department, where he spoke with Chief Chester Adcock. He told Chief Adcock that his wife had just told him that she would shoot him if he went home, and he asked Chief Adcock to send an officer to his home with him. The chief told Mr. Nichols not to worry and not to pay any attention to his wife's threats and advised him to return to his home. He instructed Mr. Nichols to return to the police station if he had any problems. Acting on this advice, Mr. Nichols left the police station and headed home.
When Mr. Nichols reached his home, he saw his wife's car in the carport. Despite this, he approached the door to his home and began unlocking it. It was at this point that Mrs. Nichols shot him through the door with a .20 gauge shotgun. He was hit in the abdomen. The wound resulted in serious disabling injuries which eventually caused Mr. Nichols' death.
The trial court rendered summary judgment in favor of the City of Minden and the Minden Police Department. In its reasons for granting summary judgment, the trial court stated the following:
In the opinion of the Court, this refusal by the Chief of Police to provide a police escort was not a cause in fact of the shooting and has no relationship to the shooting. The intentional conduct of plaintiff's wife caused plaintiff's injury.
Mr. Nichols devolutively appealed this ruling before his death.
Mr. Nichols claims on appeal that the police breached their duty in ignoring a threat from an individual such as Mrs. Nichols who they knew was capable of carrying out the threat. He also claims that the risk of harm that he encountered fell within the scope of duty owed by the police department to protect him as a citizen. He claims that the issue of causation is one of material fact which remains undecided, that the trial judge erred in finding the sole cause for his injury to be the intentional *878 conduct of his wife, and that the issue of causation based on the police department's actions should have proceeded to trial.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Jones v. Prudential Insurance Company of America, 415 So.2d 223 (La. App. 2d Cir.1982). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Swindle v. Haughton Wood Co., Inc., supra; Jones v. Prudential Insurance Company of America, supra.
A defendant's conduct is actionable under the duty/risk analysis of LSA-C.C. Art. 2315 where it is both a cause-in-fact of the injury and a legal cause of the harm incurred. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Fowler v. State Farm Fire and Casualty Insurance Co., 485 So.2d 168 (La.App. 2d Cir.1986), writ denied, 487 So.2d 441 (La.1986). The cause-in-fact test requires that "but for" the defendant's conduct, the injuries would not have been sustained. The legal causation test requires that there be a "substantial relationship" between the conduct complained of and the harm incurred. Sinitiere v. Lavergne, supra; Fowler v. State Farm Fire and Casualty Insurance Co., supra.
The initial inquiry is into the scope of the defendant's duty to the plaintiff. The duty of a public official in general and a police officer in particular is well summarized in Kendrick v. City of Lake Charles, 500 So.2d 866, 870 (La.App. 1st Cir.1986), as follows:
"[T]he mere fact that a duty is of a public nature, and benefits the general public, does not require a conclusion that the city cannot be found liable for the breach of that duty." Stewart v. Schmieder, 386 So.2d 1351, 1358 (La. 1980). The duties of members of a city police department relate to its governmental function of maintaining public order. Tezeno v. Maryland Casualty Co., 166 So.2d 351 (La.App. 3d Cir.1964). When a public official breaches a duty which is owed to the public in general, such breach of duty generally does not result in liability to an individual. However, where a personal or individual relationship (one-to-one relationship) arises between the police officer and an individual, liability may be imposed for breach of a duty owed by the police officer to the individual. Serpas v. Margiotta, 59 So.2d 492 (La.App.Orl.1952). A duty owed to the public in general may be transformed into a duty owed to an individual through closeness in proximity or time. Once the personal or individual relationship has been established, the police officer then becomes obligated to conduct himself in such a way as not to cause the individual unnecessary injury. Tompkins v. Kenner Police Department, 402 So.2d 276 (La.App. 4th Cir. 1981).[1]
Further, it has been stated that the police, along with a duty to maintain order and to enforce the law, have a duty to prevent crime and protect the citizenry. Tezeno v. Maryland Casualty Co., 166 So.2d 351 (La.App. 3d Cir.1964).
While we have no difficulty determining that the police department does not owe a legal duty to physically respond to every *879 threat which a citizen reports to it, there must be some analysis made of each reported threat depending on the circumstances of the particular case, even though that analysis may consist solely of an instantaneous thought process during which previously known facts are considered. It may be that the result will be a duty to further inquire depending on the particular circumstances and, depending on the circumstances, it may be that there will be a duty to further investigate. Of course, a duty to physically respond may also exist, depending on the circumstances.[2]
Thus in the instant case, the duty of the Minden police would seem to center around the factual knowledge of the police with respect to Mr. and Mrs. Nichols. In deposition, one or two officers of the department characterized Mrs. Nichols as emotionally unstable. One officer, however, said he would not take seriously a threat by her such as that at issue here. We therefore conclude that the duty which was owed to Mr. Nichols by the Minden Police Department in the instant case involves a factual question not susceptible to being resolved by summary judgment.
Thus we pass to the question of risk or "cause." Part of the causation test is whether the act or omission was a "cause in fact" of the harm, i.e., "but for" the defendant's conduct the injury would not have been sustained. Sinitiere v. Lavergne, supra; Fowler v. State Farm Fire & Casualty Insurance Co., supra. From this record we have no difficulty determining that we cannot resolve what would have happened if after further consideration of the plaintiff's complaint, the Minden police had dispatched an officer to the Nichols residence. In other words, we must be able to conclude on this record that Mrs. Nichols would not have fired if an officer had been present in order for defendant to carry the day on the "but for" requirement. We are unable to do so.
To this point, we have determined that there are factual issues remaining to be resolved with respect to duty and cause in fact. However, summary judgment is still available if the failure to act by the police was not a legal cause of the harm, i.e., if there was not a substantial relationship between the conduct complained of and the harm incurred. Sinitiere v. Lavergne, supra; Fowler v. State Farm Fire & Casualty Insurance Co., supra.
In arguing this point, the police department relies on Fowler, supra, in which this court held that the plaintiff's injuries in jumping off of a balcony after being locked out of a house were not legally caused by the defendant's conduct of failing to disengage the door lock. We determined that the legal cause was his decision to jump from the balcony and avoid any inconvenience involved in waiting for his situation to be discovered.
While believing that the instant circumstances present a closer question than that presented in Fowler, we agree that the conduct complained of is not the legal cause of the harm which this plaintiff suffered. In the instant case, upon arriving at the residence, plaintiff saw his wife's car and knew she was inside the residence where she was not presently living. He knew she had threatened him, yet he went to the door anyway. He had any number of other options including leaving and calling her on the phone and/or recontacting the police with this additional information. Instead, he elected to attempt to unlock the door, at which time Mrs. Nichols decided to shoot through the door. Under these circumstances, we conclude the relationship between the conduct complained of and the harm which occurred here is not sufficiently substantial for that conduct to be a legal cause of the harm. For these reasons, the *880 judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NORRIS, J., dissents with written reasons.
NORRIS, Judge, dissenting.
I respectfully dissent. The majority's opinion is based on the broad premise that analysis of a duty logically precedes that of cause in fact, and I am not persuaded that this premise is valid. On the contrary, there is no "rule" by which the extent of duty may be determined. See Finley v. North Assur. Co. of Amer., 476 So.2d 837 (La.App. 2d Cir.1985). Whether the problem be stated as one of duty, proximate cause, or legal cause, the ultimate question is one of policy. Reid v. State through Dept. of Corr., 376 So.2d 977 (La.App. 1st Cir.1979), writ denied 380 So.2d 71 (La. 1980).
Even assuming, however, that the majority's general approach is valid, I consider this case inappropriate for disposition by summary judgment. The majority concludes, correctly enough, that as to duty there is a genuine issue of material fact: Chief Adcock's admitted duty to "conduct himself in such a way as not to cause the [plaintiff] unnecessary injury" may have included, under the circumstance, a duty to accompany him to the house. It may also have included a duty to advise him to stay away, or at least to refrain from advising him "not to worry and not to pay any attention to his wife's threats * * * and to return home." A trial on the merits is necessary to resolve this.
The same factual possibilities, in my opinion, create an equally genuine issue of material fact as to causation. Assume that Chief Adcock had sent someone to accompany the plaintiff to his house, or had advised him to stay away if she was present, or at least not advised him to disregard the threat and walk into an uncertain situation: the shooting might not have occurred. If this is the case, then "but for" Chief Adcock's acts or failure to act, the plaintiff would not have sustained his injuries. A trial on the merits is necessary to resolve this.
The majority calms these troublesome yet genuine issues of material fact by speculating that the plaintiff's free choice to go to his front door despite his wife's threats was the cause of his injuries. I agree that this is a cause, but because the plaintiff was merely heeding Chief Adcock's advice, I cannot exclude the latter's conduct as creating a genuine issue of material fact. On the contrary, the Chief's conduct is subject to comparative fault analysis under LSA-C.C. art. 2323. The allocation of fault is uniquely a factfinder's function. Towns v. Georgia Cas. & Sur. Co., 459 So.2d 124 (La.App. 2d Cir.1984), and citations therein. This case is therefore not appropriate for disposition by summary judgment.
I would reverse the judgment and remand the matter for a trial on the merits.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., SEXTON, NORRIS, MARVIN and LINDSAY, JJ.
Rehearing denied.
MARVIN, Judge, concurring in the denial of a rehearing and assigning reasons:
After considering plaintiff's rehearing application, I agree that the refusal of the Chief of Police to escort plaintiff to his home did not have a substantial relationship to, and was not a substantial cause in fact of, the shooting under the circumstances of this record.
This is cause-in-fact, the first inquiry in the difficult analysis of scope of duty questions. See Malone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60 (1956); Robertson, Reason versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin & Associates, Inc., 34 La.L.Rev. 1 (1973). The last inquiry into the extent of one's duty to protect some plaintiffs against some injury in some circumstances is a legal or policy inquiry (formerly proximate cause), which is to be distinguished from the factual inquiry, and which is properly resolved by analysis and not by a particular test or rule.
If the cause-in-fact first inquiry is answered negatively, the second and more *881 difficult analysis or legal inquiry into the scope of the duty need not be made.
There are obvious distinctions between this case and Edwards v. State of Louisiana, 556 So.2d 644 (La.App. 2d Cir.1990). There the "deputy's omission was [held to be] a substantial cause in fact of the escape." The "proper question, regardless of foreseeability and of time and distance, ... [was stated to be] whether the offense occurred during, or as an integral part of, the process of [the prisoner] escaping." We recognized that the duty of the sheriff-custodian of the prisoner was to protect some plaintiffs against some risks of harm from the escaping prisoner. Foreseeability of the particular injury was among the factors considered.
The failure of a police chief to provide an escort to some citizens in some circumstances may be a substantial cause in fact of an injury to that citizen which is intentionally inflicted by another. In such a circumstance it would be necessary to discuss whether the police chief's duty extended to protect the injured citizen.
Here the failure of the chief to provide an escort to this plaintiff in his particular circumstances is not deemed to have been a substantial cause in fact of the injury intentionally inflicted upon the plaintiff by his wife. The trial court and the result here were correctly pronounced and a rehearing was properly denied.
NOTES
[1] Stewart v. Schmieder, 386 So.2d 1351 (La. 1980), may well have been legislatively overruled by Act No. 453 of 1985 which is LSA-R.S. 9:2798.1. See Murchison, Local Governmental Law, 46 La.L.Rev. 491, 526-528 (1986).
[2] In evaluating the police duty to respond to this threat, we should be mindful that as a general rule, threatening to do great bodily harm or to kill someone is not a crime in Louisiana unless it involves the "intentional placing of another in reasonable apprehension of receiving a battery," which is an assault. LSA-R.S. 14:36. It would seem that being placed in fear of a battery (or being apprehensive of a battery) means that the victim fears that a battery is imminent, as opposed to merely being possible. See generally, Dale E. Bennett, Comparison of the Criminal Code with Prior Criminal Laws, 5 La.L.Rev. 6, 28-29 (1942).