DRAKE, J.
I sIn this suit for damages, the plaintiff/appellant, Fabian C. Herrera, appeals a judgment in favor of the defendant/ap-pellee, the Louisiana State Police (LSP), granting the LSP’s motion for summary judgment , and dismissing Herrera’s claims against the LSP, with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Defendant Jerry Kautz operates a vintage organ company out of Houston, Tex *809 as.[1] Kautz employed Herrera as an organ technician and Defendant Robert D. Ar-mendariz as a delivery driver. On July 3, 2010, Herrera travelled with Armendariz from Houston, Texas to Biloxi, Mississippi to deliver and install a vintage organ. Ar-mendariz drove the delivery van and-Herrera rode as passenger.
While travelling though Louisiana on westbound Interstate 10, LSP Lieutenant David Conaway initiated a stop of the delivery van in Iberville Parish, for speeding. Armendariz initially refused to stop, but eventually pulled over to the “Ramah” exit ramp. Armendariz exited the delivery van with a gun and opened fire on Lieutenant Conaway, who sustained two gunshot wounds. Armendariz returned to the van, and fled the scene.
'Lieutenant Conaway notified the LSP that he had been shot and provided a general description and location of the delivery van. Approximately thirty minutes later, the LSP stopped the delivery van near Henderson, Louisiana as Armendariz attempted to return "to Texas. Armendar-iz exited the van and was taken into custody. Herrera resisted orders to exit the delivery van until he was eventually removed, at gunpoint, by two LSP officers. Herrera was also taken into custody.[2]
^Following an investigation by the LSP, Armendariz was- charged with attempted first degree murder and possession of a firearm by a convicted felon, Herrera was charged with accessory after the fact to attempted first degree murder. Armen-dariz and Herrera were booked at the Iberville Parish Prison.
Herrera remained incarcerated for one hundred ninety-one days while he awaited trial. Herrera was released pursuant to a plea agreement with the district attorney’s office wherein Herrera pled no contest to the charge of accessory after the fact-to first degree murder and waived sentencing delays. In exchange .for his testimony against Armendariz, the- trial court sentenced Herrera to one hundred ninety-one days in jail,, credit for time served, and placed Herrera on bench probation for one year.
Herrera filed a petition for damages on July 5, 2011, naming as defendants: First National Insurance Company of America, d/b/a Liberty Northwest; Jerry Kautz, individually, and d/b/a VINTAGEOR-GANS.CÓM, VINTAGEORGANS.NET, VINTAGEHAMMOND.COM, and VINTAGE ORGAN COMPANY; and Robert D. Armendariz. Kautz answered Herrera’s petition, urging a peremptory exception raising the objection of no cause of action and raising several defenses. First National also answered Herrera’s petition, asserting various defenses. The trial court sustained Kautz’s objection of no cause of action. Thereafter, Herrera sought motion for leave of court to file his first amended and re-stated petition for damages, which Kautz and First National opposed. Following a contradictory hearing, the trial court granted Herrera leave of court to file his first amended and restated petition for damages.
On November 8, 2011, the State of Louisiana, through the Department of Public Safety and Corrections, Doug Cain, Michael D. Edmonson, and Hampton Guillory filed a dilatory exception raising the objection of vagueness or ambiguity |flof the petition and sought to be made defendants *810 in the instant suit.[3] Following a hearing, the trial court granted the exception and ordered Herrera to amend his petition within thirty days.
Herrera thereafter filed his second amended and re-stated petition for damages, adding the LSP and. State Farm Mutual Automobile Insurance Company and/or State Farm Insurance Company (State Farm) as defendants.[4] Herrera alleged that the LSP was liable for damages for his false detention and/or false imprisonment. Kautz and First National answered Herrera’s second amended and restated petition respectively, asserting several defenses and urging the peremptory exception raising the objections of no cause of action and prescription. The LSP also answered Herrera’s second amended and re-stated petition. The trial court sustained Kautz’s and First National’s objections of no cause of action, but overruled the defendants’ objection of prescription.
The LSP then filed a motion for summary judgment on February 4, 2013, arguing that it is not liable for damages for false imprisonment when its officers act pursuant to statutory authority in arresting and incarcerating an individual. Following a hearing, the trial court granted summary judgment in favor of the LSP, dismissing Herrera’s claims against it, with prejudice, in a judgment signed on October 22,2013.
Herrera filed a motion to revise or reform judgment on the LSP’s motion for summary judgment, request for written reasons, and alternative request for designation for appeal. Following a hearing, the trial court granted Herrera’s motion in part, amending the October 22, 2013 judgment to reflect that the LSP’s motion for summary judgment was granted solely on the basis of statutory | immunity. The trial court rendered a revised judgment on January 31, 2014, dismissing Herrera’s claims against the LSP. Herrera then filed a motion for new trial, or alternatively, a motion for reconsideration or revision of summary judgment granted on the basis of statutory immunity, or alternatively, for designation of the judgment as final. Denying Herrera’s motion in all other aspects, the trial court certified the January 31, 2014 judgment as final and appealable on March 26, 2014.
Herrera now appeals, requesting that this court reverse the judgment of the trial court granting summary judgment in favor of the LSP and dismissing Herrera’s claims against the LSP, with prejudice, and remand the matter to the trial court for further proceedings.[5]

JURISDICTION

A final judgment of the trial court can be appealed. La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art. 1915. It is appropriate for us to examine the basis for our jurisdiction before *811 addressing the merits of this appeal as appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 2002-0716 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 717.
The judgment before us is a summary.judgment rendered in favor of the LSP in Herrara’s suit for damages. Herrera refers to the trial court’s judgment as a “grant of partial summary judgment under the theory of qualified immunity.” In contrast, the LSP states that the January 31, 2014 judgment, which granted |7summary judgment in its favor is not a partial summary judgment, but a final judgment subject to immediate appeal, specifically because the judgment dismissed a party to the suit. The LSP also states that it was unnecessary for 'Herrera to request that the trial court designate the ruling as final under La. C.C.P. art. 1915(B)(1).
Louisiana Code of Civil Procedure article 1915(A)(1) provides that a judgment which “[dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or inter-venors” is a final, appealable judgment. Under La. C.C.P. art. 1915(A)(3), a judgment that “[gjrants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted- pursuant to Article 966(E)[,]” is a final, appealable judgment. A summary judgment rendered pursuant to La. C.C.P. art. 966(E) is a summary judgment which disposes of a “particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.”
Here, Herrera sought La. C.C.P. art. 1915(B) certification for what he referred to as a partial summary judgment rendered in accordance with La. C.C.P. art. 966(E) on the “particular issue, theory of recovery, cause of action, or defense’’ of qualified immunity asserted by the LSP.[6] We note, however, that in this’ instance, the granting of the summary judgment in favor of the LSP did dispose of the entire case as to the LSP. The judgment granted the LSP all the relief sought in its motion for summary judgment, and dismissed all claims by Herrera against it in the principal demand, with prejudice. Thus, we hold that the summary judgment at tissue is a final judgment governed by the provisions of La. C.C.P. art. 1915(A)(1) and (A)(3), and that the trial court’s “certification” of the judgment as final for appeal was unnecessary.[7] As the judgment dismissed one party, the LSP, from the principal demand and resolved all issues between Herrera and the LSP, it is a final judgment, immediately appealable under La. C.C.P. art. 1915(A)(1) and (A)(3). See Motorola, 867 So.2d at 721.

STANDARD OF REVIEW

A motion for summary judgment is properly granted if the pleadings, deposi *812 tions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.[8] La. C.C.P. art. 966(B)(2) and (C)(1).[9] The summary judgment procedure is favored and “is designed to secure the just, speedy, and inexpensive determination of eyery action.” La. C.C.P. art. 966(A)(2). The purpose of the procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 2004-0806 (La.6/25/04), 876 So.2d 764, 769 (per curiam).
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more ¡¡¡elements essential to the adverse party’s claim, Thereafter, if the adverse party fails to produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).[10]
In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. Hines, 876 So.2d at 765. Additionally, courts generally cannot decide credibility issues when entertaining a motion for summary judgment. Hines, 876 So.2d at 769. Furthermore, summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, and should only be granted on such subjective issues when no genuine issue of material fact exists concerning that issue. Monterrey Center, LLC v. Education Partners, Inc., 2008-0734 (La.App. 1 Cir. 12/23/08), 5 So.3d 225, 232.
A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is ño need for trial on that issue and summary judgment is appropriate. See Hines, 876 So.2d at 765-66.
An appellate court’s review of a summary'judgment is de novo review based on the evidence presented to the trial court, using the same criteria used by the court in deciding whether a summary judgment should be .granted. Kessler Federal Credit Union v. Rivero, 2014-0095 (La.App. 1 Cir. 9/19/14), 153 So.3d 1218, 1221. Because it is the applicable, substantive law that determines materiality, whether a particular fact in dispute is “material” for summary hajudgment purposes can be seen only in light of the substantive law applica *813 ble to the case. Shipp v. Landry, 2013-1673 (La.App. 1 Cir. 5/2/14), 147 So.3d 721, 725.
In this case, the LSP’s motion for summary judgment before the trial court centered on whether the LSP, a public entity, was liable for damages for false imprisonment when the LSP acted pursuant to statutory authority in arresting and incarcerating Herrera.

ASSIGNMENTS OF ERROR

' Herrera assigns the following as error on appeal:
1. The trial court erred by applying La. R.S. 9:2798.1 because a law enforcement officer’s investigation of a crime is not a public policy or discretionary act;
2. The trial court erred by applying La. R.S. 9:2798.1 because a law enforcement investigator is not a governmental decision maker;
3. The trial court erred by applying La. R.S. 9:2798.1 because a grossly negligent criminal investigation that caused Herrera to be unnecessarily incarcerated for one hundred ninety-one days -is not grounded in a valid social, economic, or political concern; and
4. The trial court erred by applying La. R.S. 9:2798.1 because Herrera’s opposition to summary judgment put forth sufficient evidence to create a genuine issue.of material fact that the investigation was conducted in a grossly negligent, reckless, malicious, or intentional manner any of which bars application of La. R.S. 9:2798.1 . .

LAW AND DISCUSSION

The LSP moved for summary judgment, asserting that its officers had qualified immunity pursuant to La. R.S, 9:2798.1, and further asserting' that Herrera would be unable to meet his burden'of proving that ■ he was falsely imprisoned, that a duty was owed to him under the circumstances presented by the LSP, or that the actions of the LSP officers were a'cause in fact of Herrera’s harm. |uThe trial court rendered summary judgment in favor of the LSP based on its finding that the LSP was immune from liability under La. R.S. 9:2798.1.

False Imprisonment

The tort of false imprisonment has two essential elements: (1) detention of a person; and (2) the unlawfulness- of such detention. Brown v. Rougon, 552 So.2d 1052, 1055 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La.1990). Unlawful detention is restraint without color of legal authority. Kyle v. City of New Orleans, 353 So.2d 969, 971 (La.1977). Thus, if an arrest is made either without any legal, process or warrant, or under a warrant void and null upon its face, a false imprisonment has occurred. O’Conner v. Hammond Police Department, 439 So.2d 558, 560 (La.App. 1st Cir.1983). However, if a person is arrested pursuant to statutory authority, there is no liability for damages for false imprisonment. Kyle, 353 So.2d at 971. The burden is on a plaintiff to prove that the arrest was made without color of legal authority. Cerna v. Rhodes, 341 So.2d 1157, 1160 (La.App. 1st Cir. 1976), writ denied, 343 So.2d 1067 (La.1977).

Statutory Immunity

The applicable substantive law granting statutory ‘immunity to public entities in the State of Louisiana is set forth in La. R.S. 9:2798.1, which provides, in pertinent part:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, .offices, *814 agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
|12C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
Our supreme court has held that La. R.S. 9:2798.1 is “clear and unambiguous” and applies to “policymaking or discretionary acts when such acts are within the course and scope of ... lawful powers and duties.” Gregor v. Argenot Great Cent. Ins. Co., 2002-1138 (La.5/20/03), 851 So.2d 959, 967.[11] When a public entity, as defined in La. R.S. 9:2798.1(A), performs (or fails to perform) an act not reasonably related to a legitimate governmental objective for which the policymaking or discretionary power exists, it is liable to those it injures. La. R.S. 9:2798.1(B) and (C); see also Gregor, 851 So.2d at 968 (citing Archon v. Union Pacific Railroad, 94-2728 (La.6/30/95), 657 So.2d 987, 996).[12]
*815 | isLSP officers are authorized and empowered by a governmental entity (the State herein) to perform duties which relate to the, governmental function of maintaining peace and order. Persilver v. Louisiana Dept. of Transp., 592 So.2d 1344, 1349 (La.App. 1st Cir.1991) (citing Nichols v. Nichols, 556 So.2d 876, 878 (La.App. 2d Cir.), writ not considered, 561 So.2d 92 (La.1990)). The peacekeeping aspect of a police officer’s duties includes routine patrolling, investigating, and answering of emergency calls. La. R.S. 40:2402(3)(a) and 40:1379(A); Persilver, 592 So.2d at 1349. Along with the duty to maintain peace and order, a police officer has a duty to prevent crime, enforce the law, and protect the citizenry. La. R.S. 40:2402(3)(a) and 40:1379(A); Persilver, 592 So.2d at 1349 (citing Nichols, 556 So.2d at 878). Such duties include making arrests, performing searches and seizures, executing criminal warrants, preventing and detecting crime, and enforcing the penal, traffic, and highway laws of this state. La. R.S. 40:2402(3)(a) and 40:1379(A); Persilver, 592 So.2d at 1349. A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. La. C.Cr.P. art. 213; Brown v. Rougon, 552 So.2d 1052, 1056 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La.1990). The decision to issue a summons or make an arrest normally lies within the discretion of law enforcement officials, and therefore, the exercise of that discretion should .not result in civil liability. La.C.Cr.P. art., 213; La. R.S. 9:2798.1(B); Millet v. Jacques, 2011-0247 (La.App. 1 Cir. 9/19/11), 2011 WL 4349402 (unpublished).
| uThe LSP’s Motion for Summary Judgment
The LSP filed its motion for summary judgment, a list of uncontested material facts and essential legal elements, and a memorandum. The LSP argued that Herrera could not establish that the LSP acted outside of its statutory authority when it arrested and detained him; further, Herrera could not establish a primei facie case of false imprisonment if his imprisonment was lawful.
In support of its motion for summary judgment, the LSP submitted the following exhibits:
1. a copy of Herrera’s second amended and re-stated petition for damages caused by negligent hiring and other tortious conduct;
2. the affidavit of Lieutenant David Conaway;
3. the affidavit of Lieutenant Eary J. Chesne;
4. the affidavit of Master Trooper . Charles Bryan Blount; and
5. the affidavit of Investigator Hampton Guillory.
Herrera opposed the LSP’s motion for summary judgment.[13] Herrera argued *816 that as a result of the faulty investigation of the LSP, he remained incarcerated for one hundred' ninety-one days. Herrera contended that the LSP investigators ignored exculpatory evidence, manufactured inculpatory evidence, and misrepresented salient facts of the investigation to multiple courts. As a result of the mishandled investigation, Herrera was unnecessarily incarcerated. Herrera argues that the evidence demonstrates that he was not guilty of the chárge of accessory after the fact and that numerous issues of material fact preclude summary judgment in favor of the LSP, including, but not limited to: whether or not Herrera could have escaped from the delivery van; whether Herrera could have 11fiused an un-activated pre-paid cell phone that was in the delivery van to report the incident or request assistance; whether Herrera assisted in the disposal of shell casing from the handgun used in the shooting; and whether or not the delivery van contained a map. which Herrera used to assist Armendariz in attempting to escape Louisiana, In support of his opposition, Herrera submitted:
Exhibit 1: portions of the transcript of the video deposition of Robert D. Ar-mendariz;
Exhibit 2: portions of the transcript of the deposition of Lieutenant Eary J. Chesne; and
Exhibit 3: portions of the transcript of the deposition of Investigator Hampton Guillory,
Herrera also filed a first and second notice of the filing of digital/electronic documents with the trial court “to be used and relied upon by the plaintiff in any and all proceedings, hearings, motions, memoran-da, oppositions, or other proceedings, including any application for writ of review and/or appeal.” These documents'include a compact disc titled “Herrera Opposition to MSJ Exhibits,” which contains the following exhibits:
A. copy of the LSP Initial Complaint of the July 3, 2010 incident prepared by Investigator Hampton Guillory, Case No. 10-4455;
B. copy of the LSP Case Report of the July 3, 2010'incident prepared by Investigator Hampton Guillory, Case No. 10-4455;
C. copy of the July 3, 2010 Incident Log;
D. copy of the Booking Sheet of Fabian Herrera;
E. portions of the deposition Scott M. Lopez;
F. (1) photo of the inside of the delivery van; (2) photo of the recovery of the delivery van; and (3) copy of the LSP Vehicle Store Record for the delivery van;
G. copy of the Affidavit for Search Warrant;
H. • copy of the Search Warrant;
IipJ. copy of the return of Search Warrant;
K. LSP Crime Laboratory Scientific Analysis Report;
L. photo of the delivery van in LSP custody;
M. photo of the delivery van in LSP custody;
N. photo of the delivery van in LSP custody;
O. photo of the delivery van in LSP custody;
P. photo of the delivery van in LSP custody;
Q. photo of the delivery van in LSP custody;
R. photo of the delivery van in LSP custody; .
*817 S. photo of evidence seized from the delivery van in LS-P custody;
T. photo of evidence seized from the. > • delivery van in LSP custody;
U. photo of the inside of the delivery van in LSP custody;
V. photo of the inside of the delivery . van in LSP custody;
W. photo of evidence. seized from the delivery van in LSP custody;
X. photo of evidence seized from the delivery van in LSP custody;
Y. photo of evidence seized from the delivery van in LSP custody;
Z. photo of evidence seized from the delivery van in LSP custody;
AA. photo of the inside of the delivery van in LSP custody;
BB. photo of the inside of the delivery van in LSP custody;
CC. . photo of the inside of the delivery van in LSP custody;
DD. photo of the inside of the delivery van in LSP custody;
[17EE. photo of the inside of the delivery van in LSP custody;
FF. photo of the inside of the delivery van in LSP custody;
GG. unsigned, copy of the Affidavit of Probable Cause;
HH. copy of the Affidavit of Probable Cause;
JJ. portions of the deposition of Hampton Guillory;
KK. copy of West Baton Rouge Sheriffs Office Arrestee Information Sheet;
LL. copy of Affidavit for .Search Warrant;
MM. copy of Search Warrant;
NN. copy of LSP Grime Laboratory DNA Case Supplemental Information Sheet;
00. copy of LSP Crime Laboratory Scientific Analysis Report;. .
PP. copy of LSP Evidence/Property ■Receipt;
QQ. photo of evidence seized from the delivery van in LSP custody;
RR. photo of evidence seized from the delivery van in LSP custody;
SS. copy of the activation guide for a Cricket Wireless PayGo cellphone;
TT. transcript of the LSP interview of Robert D, Armendariz;
UU. transcript of the LSP interview of Fabian Herrera;
XX. transcript of the bond reduction hearing of Herrera held in the Eighteenth Judicial District Court in Iberville Parish in State v. Herrera, No. 351-10, on July 12, 2010;
YY. portions of the transcript of the video deposition of Robert D. Ar-mendariz;
■WW. , portions of the transcript of the oral deposition of Fabian Herrera;
|ls“Crime Lab Add Photos” — 28 photos of the delivery van and its contents; “LSP Photos” — 60 photos of the aftermath of the scene of the shooting at the Ramah exit in Iberville Parish;
“LSP Photos2” — 11 photos of the delivery van parked on the side of the interstate;
“Released Van” — 26 photos of the delivery van after it was released from police custody;
copy of Herrera’s opposition to the LSP’s motion for summary judgment; and a
copy of Herrera’s motion in limine and motion to strike.
.Additionally, the digital/electronic documents also include a compact disc titled *818 “Houston Police Department Incident Report and Depositions,” which contains exhibits filed by Defendant Jerry Kautz and transcripts of various witness depositions, as well as a compact disc titled “Digitally Recorded Interviews,” which contains sixteen recorded interviews, including those of Herrera and Armendariz, conducted by the LSP during the course of their investigation of this incident.
The LSP filed a reply to Herrera’s opposition to its motion for summary judgment.

Discussion

Herrera was a passenger in a van involved in the shooting of a police officer. The shooting of a police officer qualifies as a felony. See La. R.S. 14:30(A)(2). The delivery van fled the scene of the shooting and was apprehended approximately thirty minutes after the incident. Herrera failed to comply with the LSP officers’ orders to raise his hands and exit the van and had to be removed by LSP officers at gunpoint. Under these facts, the LSP had reasonable cause to believe Herrera committed an offense. Similarly, the LSP officers who responded to the call and apprehended the van were informed that the occupants of the Imdelivery van were involved in a felony. The facts of this case demonstrate that the LSP had statutory authority to detain and ultimately arrest Herrera.
Similarly, the LSP had statutory authority to charge Herrera with accessory after the fact to attempted first degree murder and to detain and incarcerate Herrera on those grounds. Louisiana Revised Statutes 14:25 provides that “[a]n accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.” Herrera certainly had reasonable grounds to believe a felony occurred. As a passenger of the van, Herrera witnessed an officer with the LSP pull the delivery van over, heard gunfire, and witnessed the driver, Armendariz, re-enter the van with a gun in his hands. Herrera admitted he was aware Armendariz attempted to drive the van to Texas. Armendariz and Herrera both informed the LSP that the delivery van contained a map on a piece of paper with directions to and from Houston, Texas to Biloxi, Mississippi. Armendariz and Herrera also both informed the LSP that earlier that day, Herrera had purchased a pre-paid cellular phone and that the phone was located inside the delivery van. Furthermore, Herrera informed the LSP that he made no attempt to exit the van after the shooting and prior to their detainment by LSP officers, even though Herrera stated that Armendariz threw the gun on the floor of the van and that at some point prior to their apprehension by the LSP, the ammunition was removed from the weapon.
Based upon this information, the LSP had probable cause to charge Herrera with accessory after the fact to attempted first degree murder. Herrera was incarcerated in Iberville Parish Prison, and subsequent to his incarceration, the district attorney’s office for the Eighteenth Judicial District assumed responsibility for the investigation of the incident and Herrera’s detention. Determining whether | gpor not Herrera was ultimately guilty of the charge of accessory after the fact to attempted first degree murder was not the job of the LSP, and the LSP was no longer “responsible” for Herrera’s imprisonment. Therefore, Herrera’s allegation that the LSP “caused [him] to be unreasonably and falsely imprisoned, long after the investigation” is misguided. The transcript from Herrera’s bond reduction hearing reflects that the district attorney’s office, representing the *819 State of Louisiana, was handling the investigation of the incident:
Q [Trial Court]: This case is still currently under investigation; in fact, you all have done some DNA work that you’re still trying to determine who handled the gun?
A [Assistant District Attorney]: That’s correct.
Q [Trial Court]: So as though' they were charged due to the arrest, the final charge has not been determined .between the two until you complete your investigation; is that correct?
A [Assistant District Attorney]: That’s correct.
Following his initial detainment and booking into parish jail, Herrera’s imprisonment was maintained by third parties, for whom the LSP is not responsible. Louisiana Revised Statutes 14:25 provides that the penalty for accessory after the fact is a fine of not more than five hundred dollars, or imprisonment, with or without hard labor, for not more than five years, or both. Accordingly, La. ' C.Cr.P. art. 572(A)(2) provides that prosecutions for felonies not necessarily punishable by imprisonment at hard labor must be instituted within four years of the offense. Thus, Herrera was lawfully subject to imprisonment until he either went to trial or posted bail. Neither occurred prior to Herrera’s plea agreement in which he pled no contest to the charges and was released from custody.
The LSP acted reasonably pursuant to its statutory authority when it arrested and detained Herrera. Once Herrera was incarcerated, the LSP was no longer | ⅞1 responsible for Herrera’s confinement. Furthermore, the LSP’s investigation of the events that transpired on July 3, 2010 necessarily required the LSP to exercise discretion as it weighed evidence to determine whether probable cause existed to charge Herrera with accessory after the fact to attempted first degree murder and book him into parish jail. The LSP’s actions were grounded in a legitimate governmental objective, as La. R.S. 9:2798.1 was designed to provide public entities such as the LSP immunity for such actions. Based on the foregoing, we find that the LSP has pointed out the absence of factual support for several elements essential to Herrera’s claim. Herrera has failed to produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proving that the LSP falsely detained him; therefore, there is no genuine issue of material fact, and the LSP is entitled to summary judgment as a matter of law. See La. C.C.P. art. 966(C)(2).[14] We pretermit discussion of any remaining assignments of error.

DECREE

The January 31, 2014 judgment of the trial court is hereby affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Fabian C. Herrera.
AFFIRMED.

. Kautz does business as VINTAGEOR-GANS.COM, VINTAGEORGANS.NET, VIN-TAGEHAMMOND.COM, and VINTAGE ORGAN COMPANY.

. Armendariz and Herrera were first taken to St. Martin Parish Sheriff's Office, where they were booked prior to be transported to Iber-ville Parish Prison in Plaquemine.

. Michael D. Edmonson is the superintendent of the LSP; Doug Cain is a major with the LSP; Hampton Guillory is an investigator with the LSP.

. Following a motion by Herrera, the trial court dismissed State Farm, without prejudice, from the suit.

. Herrera filed a notice and motion for a devolutive appeal of the January 31, 2014 judgment, and the trial court signed an order of appeal. Herrera designated certain portions of the trial court record to constitute the record on appeal. The trial court granted a motion made by Herrera to reduce appeal costs. The trial court also granted a motion made by Herrera to supplement the record on appeal.

. Louisiana Code of Civil Procedure article 1915(B)(1) provides that "[w]hen a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is.no just reason for delay.”

. Louisiana Code of Civil Procedure article 1911(B) provides that “[a]n appeal may be taken from a final judgment under Article 1915(A) without the judgment being ... designated [a , final judgment under Article 1915(B)].”

.Article 966 was recently amended by 2015 La. Acts 422, § 1; however, the new version óf'Article 966 does not apply to this case as the amendment did not become effective until January 1, 2016. Herfe, the pendency of the instant appeal on the effective date of 2015 La. Acts 422 results in the application of the prior version of Article 966 to the instant matter,

. Now, see La. C.C.P. art. 966(A)(3).

. Now, see La. C.C.P. art. 966(D)(1),

. In Fowler v. Roberts, 556 So.2d 1, 15 (La.1990) (on rehearing) (citing Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958-59, 100 L.Ed.2d 531, 540-41 (1988)), the Louisiana Supreme Court adopted a two-step test for determining when this immunity applies. First, the exception does not apply when a statute, regulation, or policy specifically prescribes a course of action, i.e., where there is no element of choice or discretion involved. Second, the exception only confers immunity where the discretionary action involves the permissible exercise of a policy judgment grounded in social, economic, or public policy. Fowler, 556 So.2d at 15. In 2003, however, the Louisiana Supreme Court in Gregor, 851 So.2d at 966-68, held that the analysis given to Section 9:2798.1 by Fowler and its progeny is faulty, as the Fowler opinion "did not utilize the rules for interpreting Louisiana statutes that are found in the Revised Statutes and the Civil Code,” and instead "went to federal jurisprudence to interpret a dissimilar Louisiana statute to reach the conclusion that the immunity provided for in the Louisiana statute only exists when there is a discretionary act or function ‘grounded in social, economic or political policy.’ ” That quoted language is not found in La. R.S. 9:2798.1 — the statute does not make a distinction between operational acts, ministerial acts, or policymaking acts. For a thorough discussion of the former interpretation of La. R.S. 9:2798.1 by the lead opinion (on rehearing) in Fowler and its progeny (e.g., Jackson v. State, Dept. of Corrections, 2000-2882 (La.5/15/01), 785 So.2d 803; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Archon v. Union Pacific Railroad, 94-2728 (La.6/30/95), 657 So.2d 987; and Rick v. State, DOTD, 92-1116, 93-1784 (La.1/14/94), 630 So.2d 1271), see Gregor, 851 So.2d at 966-68.

. We note an inconsistency in the plurality opinion in the Gregor decision. The plurality states that Fowler and its progeny are flawed because Fowler "went to federal jurisprudence to interpret a dissimilar Louisiana statute to reach the conclusion that the immunity provided for in the Louisiana statute only exists when there is a discretionary act or function 'grounded in social, economic or political policy.’” Gregor, 851 So.2d at 967. The plurality noted that the quoted language is not found in the Louisiana statute. However, when ultimately deciding the issue of immunity, the plurality states the "decision in this case ... was not a decision grounded in *815 social, economic, or political policy. It was operational negligence in enforcing the sanitary code.” Gregor, 851 So.2d at 968 (emphasis added). The plurality then goes on to cite the proposition noted in the Archon case referenced above, one of the cases it stated was a flawed progeny of Fowler ("When the government acts negligently for reasons unrelated to public policy consideration, it is liable to those it injures.” Gregor, 851 So.2d at 968 (citing Archon, 657 So.2d at 996.)). See McIntosh v. McElveen, 2004-1041 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, 994 n. 2, writ denied, 2005-0528 (La.4/29/05), 901 So.2d 1069.

. Herrera also filed a motion in limine and a motion to strike the affidavit of Investigator Guillory and certain portions of the LSP’s memorandum in support of its motion for summary judgment. The minutes reflect that the trial court set Herrera’s motions.for hearing on August 7, 2013; however, there is no *816 indication in the record of whether the trial court disposed of those motions.

. Now, see La. C.C.P, art. 966(D)(1).