# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRITTANY WARREN; OBO BRENNAN
LEBLANC

NO. 2023 CW 0179

VERSUS

PAGE 1 OF 2

TROOPER ANDRE RAOUL BEZOU
STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS OFFICE OF THE
LOUISIANA STATE POLICE

**JULY 27, 2023**

---

In Re:   Trooper Andre Raoul Bezou and the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, Office of State Police, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 687418.

---

**BEFORE:   THERIOT, CHUTZ, AND HESTER, JJ.**

   **WRIT GRANTED.** The district court's February 8, 2023 judgment denying the motion for summary judgment filed by Defendants, Trooper Andre Raoul Bezou, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and Office of State Police, is hereby reversed. The Louisiana Supreme Court has held that qualified immunity under La. R.S. 9:2798.1 is "clear and unambiguous" and applies to "policymaking or discretionary acts when such acts are within the course and scope of ... lawful powers and duties." **See Simmons v. Hughes**, 2019-1389 (La. App. 1st Cir. 11/25/20), 316 So.3d 488 (applying La. R.S. 9:2798.1 to an excessive force claim), citing **Gregor v. Argenot Great Central Insurance Company**, 2002-1138 (La. 5/20/03), 851 So.2d 959, 967; **Herrera v. First National Insurance Company of America**, 2015-1097 (La. App. 1st Cir. 6/3/16), 194 So.3d 807, 814, writ denied, 2016-1278 (La. 10/28/16), 208 So.3d 885. However, the immunity provided by La. R.S. 9:2798.1 is not applicable to the defendants if their actions constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. R.S. 9:2798.1(C)(2).

   Pursuant to the evidence submitted, Trooper Bezou initiated a traffic stop on a truck driven by Mr. LeBlanc. Trooper Bezou requested Mr. Leblanc's identification. Mr. LeBlanc indicated he was retrieving the identification from his vehicle, but instead reached for the ignition and drove the truck away while Trooper Bezou clung to the side of Mr. LeBlanc's truck. Trooper Bezou commanded Mr. LeBlanc to stop the vehicle multiple times, and when the vehicle did not stop, Trooper Bezou discharged his firearm.

   Our review of the record indicates that the Defendants established their entitlement to qualified immunity and pointed out the absence of factual support for the contention that the Defendants' actions constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" based on the totality of the facts and circumstances of this case. Plaintiff failed to produce factual

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

support sufficient to establish the existence of a genuine issue of material fact or that Defendants are not entitled to judgment as a matter of law.  Therefore, the Defendants are entitled to statutory immunity pursuant to La. R.S. 9:2798.1.  The motion for summary judgment filed by Defendants, Trooper Andre Raoul Bezou, State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and Office of State Police is granted, and the claims asserted by Plaintiff, Brittany Warren, on behalf of Brennan LeBlanc, are dismissed with prejudice.

**MRT**
**WRC**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT