CRAIN, J.
Courtney S. Turner appeals a judgment dismissing her petition for an alternative writ of mandamus directing the East Baton Rouge Parish School Board and Superintendent Warren Drake to issue her a written contract and reinstate her as an assistant principal. We affirm.
FACTS
Turner is a tenured teacher in the East Baton Rouge Parish school system. For *992 the 2015-2016 and 2016-2017 school years, she received no written contract from the School Board, but was employed as the third assistant principal at Wedgewood Elementary School. For the 2017-2018 school year, based on budget cuts in anticipation of reduced enrollment and to avoid eliminating teacher positions, Wedgewood's principal chose not to fill the third assistant principal position. Turner was reassigned as an administrative dean at The Dufrocq School with no reduction in pay.
Turner contends her reassignment was a demotion that violated teacher tenure laws and filed a petition seeking an alternative writ of mandamus directing the School Board to issue her a contract for the position of assistant principal for at least two years. The trial court found the assistant principal position at Wedgewood was discontinued and eliminated for good cause based upon budgetary constraints and, therefore, the School Board was not required to give her a new contract as an assistant principal. The trial court denied the request for mandamus relief and dismissed Turner's petition.
DISCUSSION
Mandamus is a writ directing a public officer to perform a ministerial duty required by law. La. Code Civ. Pro. arts. 3861 and 3863 ; Jazz Casino Company, L.L.C. v. Bridges , 16-1663 (La. 5/3/17), 223 So.3d 488, 492. It is an extraordinary remedy used sparingly to compel something clearly required by law where there is no relief by ordinary means or where delay in obtaining ordinary relief may cause injustice. See La. Code Civ. Pro. art. 3862 ; City of Hammond v. Parish of Tangipahoa , 07-0574 (La. App. 1 Cir. 3/26/08), 985 So.2d 171, 181. A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law, which leaves no element of discretion to the public officer. Hoag v. State , 04-0857 (La. 12/1/04), 889 So.2d 1019, 1024. If a public officer is vested with any element of discretion, mandamus will not lie. Jazz Casino Company , 223 So.3d at 492.
Turner seeks mandamus relief compelling the School Board to issue her a contract for the position of assistant principal, relying on Louisiana Revised Statute 17:444B(4)(c)(iv), which pertinently provides:
The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the contractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be re-created, the employee, if still employed by the board, shall have first right of refusal to the re-created position.
It is undisputed the superintendent did not recommend against offering Turner a new contract; therefore, she contends the School Board was legally obligated to do so. The School Board argues a recommendation against a new contract by the superintendent is only one of four bases for nonrenewal of a contract.
Our interpretation of the relevant statutory language is guided by well-established rules of statutory construction. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. In re Succession of Boyter , 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128.
*993 The starting point for interpretation of any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 1:4 and 24:177B(1); Rando v. Anco Insulations, Inc. , 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065, 1075.
All laws pertaining to the same subject matter must be interpreted in pari materia, or in reference to each other. See La. Civ. Code art. 13 ; Pierce Foundations, Inc. v. Jaroy Construction, Inc. , 15-0785 (La. 5/3/16), 190 So.3d 298, 303. The legislature is presumed to act deliberately and to enact statutes in light of preceding statutes involving the same subject matter. See La. R.S. 24:177C; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc. , 06-0582 (La. 11/29/06), 943 So.2d 1037, 1045. Where possible, courts have a duty to adopt a construction of a statute that harmonizes and reconciles it with other provisions dealing with the same subject matter. Holly & Smith Architects, Inc. , 943 So.2d at 1045 ; Malus v. Adair Asset Mgmt., LLC , 16-0610 (La. App. 1 Cir. 12/22/16), 209 So.3d 1055, 1060.
Section 17:444B(4)(c)(iv) imposes a duty on the School Board to negotiate a subsequent contract unless certain grounds for nonrenewal exist. Each ground enumerated in the statute is separated by the word "or." Applicable rules of statutory interpretation instruct that unless clearly indicated otherwise by the context, the term "or" in a statute is disjunctive. That is, "or" does not mean "and/or," but instead sets apart independent and exclusive alternatives. See La. R.S. 1:9 ; Succession of Harlan , 17-1132 (La. 5/1/18), 250 So. 3d 220, ---- (2018 WL 2025816).
Based on the use of the disjunctive "or," Section 17:444B(4)(c)(iv) provides the School Board is not required to negotiate a subsequent contract when any one of the four enumerated conditions is met: 1) the superintendent recommends against a new contract; 2) a cause sufficient to support a mid-contract termination; 3) the position has been discontinued; or 4) the position has been eliminated as a result of district reorganization. In Rousselle v. Plaquemines Parish School Bd. , 93-1916 (La. 2/28/94), 633 So.2d 1235, 1244, the supreme court recognized the independent and disjunctive nature of the grounds in tracing the history of the statute, explaining, "The legislation continues term contract employment and specifically provides for nonrenewal of the contract where the promotional position has been discontinued or the position has been eliminated as a result of district reorganization." Consequently, Turner's argument that the School Board is obligated to issue her a new assistant principal contract because the superintendent did not recommend against it is legally incorrect.
The trial court found renewal of the contract was not required because the third assistant principal position at Wedgewood was discontinued for good cause due to budget constraints. Findings of fact regarding whether to issue a writ of mandamus are subject to the manifest error standard of review. City of Baton Rouge v. Douglas , 16-0655 (La. App. 1 Cir. 4/12/17), 218 So.3d 158, 164 n.6. Under that standard, a reviewing court may not merely decide if it would have found the facts of the case differently. Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC , 14-2592 (La. 12/8/15), 193 So.3d 1110, 1115. Rather, to reverse a trial court's factual conclusion, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. Hayes , 193 So.3d at 1115-16 ;
*994 Stobart v. State through Department of Transportation and Development , 617 So.2d 880, 882 (La. 1993). This test requires a reviewing court to do more than simply review the record for some evidence that supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Hayes , 193 So.3d at 1116 ; Stobart , 617 So.2d at 882 ; Succession of Dean , 17-0155 (La. App. 1 Cir. 3/29/18), 247 So. 3d 746, ---- (en banc ).
Neither the term "position" nor "discontinued" is defined by Section 17:444B(4)(c)(iv); therefore each must be given its generally prevailing meaning based on context and common usage. See La. Civ. Code art. 11 ; La. R.S. 1:3 ; Guitreau v. Kucharchuk , 99-2570 (La. 5/16/00), 763 So.2d 575, 579. Dictionaries are a valuable source for determining the "common and approved usage" of words. Gregor v. Argenot Great Cent. Ins. Co. , 02-1138 (La. 5/20/03), 851 So.2d 959, 964. "Position" is defined as "relative place, situation or standing; social or official rank or status; an employment for which one has been hired; and a situation that confers advantage or preference." Merriam-Webster Online Dictionary (Merriam-Webster.com ). Thus, in terms of employment, a person's position is generally understood to mean the person's particular job. "Discontinued" is the past tense of "discontinue," which is defined as "to come to an end." Merriam-Webster Online Dictionary (Merriam-Webster.com ). Thus, "discontinued" is generally understood to mean "ended" or "terminated." Based on the prevailing meaning of the terms in the context they are used, the statute does not require the School Board to renew a promotional contract if the person's particular position is ended or terminated.
It is undisputed Wedgewood went from three to two assistant principal positions for the 2017-2018 school year. Janet Harris, the School Board's director for human resources, testified the School Board allocates a site-based budget for each school based on enrollment projections. The School Board and principals for the schools then determine the positions to be filled from the allocated budget. A decline in projected enrollment resulted in a decrease in Wedgewood's budget for the 2017-2018 school year.
Lisa Smothers, a human resources supervisor for the School Board, also testified Wedgewood's budget was impacted by student enrollment. She explained principals are given the autonomy to decide how budgeted funds for their school are allocated. Wedgewood's principal decided to allocate funds for only two assistant principal positions to make the school "teacher-heavy" rather than "administrator-heavy." Smothers testified Wedgewood's principal decided Turner, the last hired, would be impacted by the reduction in assistant principals.
The trial court's finding that Turner's position was discontinued is supported by the uncontested testimony at trial; therefore the finding is not manifestly erroneous.[1] Consequently, Section 17:444B(4)(c)(iv) does not require the *995 School Board to issue Turner a new assistant principal contract, and Turner's request for mandamus relief was correctly denied.
CONCLUSION
The judgment of the trial court dismissing Turner's petition requesting mandamus relief is affirmed. Costs of this appeal are assessed to Courtney S. Turner.
AFFIRMED.
Guidry, J. concurs in the result.

The trial court also referred to Turner's position as having been eliminated. Turner contends there is no basis for finding the position was eliminated, reasoning this would require evidence the position was eliminated throughout the system, meaning no school was allocated assistant principals. She argues only the allocation of a third assistant principal to Wedgewood was eliminated, with other assistant principal positions remaining for the particular school year. Because we find the trial court correctly denied mandamus relief on the basis the position was discontinued , we do not address Turner's argument that the position cannot be considered eliminated.