STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0123

MARCO OUTDOOR ADVERTISING, INC.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, BY AND THROUGH SHAWN WILSON IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, PELICAN OUTDOOR
ADVERTISING, INC.,
AND KFK GROUP, INC.

Judgment Rendered: **JUL 1 3 2021**

CONSOLIDATED WITH

2021 CA 0353

MARCO OUTDOOR ADVERTISING, INC.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, BY AND THROUGH SHAWN WILSON IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, PELICAN OUTDOOR
ADVERTISING, INC.,
AND KFK GROUP, INC.

CONSOLIDATED WITH

2021 CA 0354

MARCO OUTDOOR ADVERTISING, INC.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, BY AND THROUGH SHAWN WILSON IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, PELICAN OUTDOOR
ADVERTISING, INC.,
AND KFK GROUP, INC.

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 670,057

The Honorable Donald R. Johnson, Judge Presiding

* * * * *

Mary Ellen Roy
Dan B. Zimmerman
New Orleans, Louisiana

Attorneys for 1st Appellants-Defendants,
Pelican Outdoor Advertising, Inc., and
KFK Group, Inc.


Michael E. Botnick
J. Douglas Rhorer
R. Ethan Zubic
New Orleans, Louisiana

Attorneys for 2nd Appellant-Plaintiff,
Marco Outdoor Advertising, Inc.


Lesia B. Warren
Gregory P. Hardy
Baton Rouge, Louisiana

Attorneys for 3rd Appellants-Defendants,
State of Louisiana and Department of
Transportation and Development

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

The primary issue raised in these consolidated appeals concerns the construction and interpretation of Louisiana law regarding two competing billboard permit applications. For the following reasons, we dismiss the appeals of two interlocutory judgments for lack of appellate jurisdiction, we reverse the trial court's grant of a declaratory judgment, and we remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

This case involves an ongoing dispute between two rival outdoor advertising companies, Marco Outdoor Advertising, Inc. ("Marco") and Pelican Outdoor Advertising, Inc./KFK Group Inc. ("Pelican/KFK"). On May 26, 2015, the State of Louisiana, through the Department of Transportation and Development ("DOTD"), issued a state billboard permit to Pelican/KFK for a proposed billboard location alongside U.S. Highway 90-Business in Jefferson Parish. At that time, Pelican/KFK was not able to obtain a local permit to supplement the state permit because the proposed location was zoned by Jefferson Parish as an area that did not allow for the erection of billboards. Consequently, Pelican/KFK could not build the proposed billboard without the local permit, but DOTD annually renewed the state permit issued to Pelican/KFK during the years of 2015-2019.

On January 4, 2018, Marco applied for a state billboard permit to erect a billboard immediately adjacent to the location previously permitted to Pelican/KFK. DOTD denied Marco's permit application because the proposed location did "not meet the requirement of [500-foot] spacing" between billboards. Marco requested a permit review by DOTD, alleging that its proposed billboard location satisfied the 500-foot spacing requirement since it was over 500 feet away from the nearest *existing* billboard. Marco further argued that DOTD had erred in issuing the Pelican/KFK permit because that proposed billboard could not be built pursuant to applicable local zoning laws and, thus, the Pelican/KFK permit should be revoked.

3

A permit review panel for DOTD met with Marco, after which DOTD again denied Marco's state permit request on May 14, 2018. DOTD informed Marco that the documentation submitted by Marco did not necessitate the cancellation of the permit issued to Pelican/KFK and that Marco's proposed billboard location still ran afoul of the 500-foot spacing requirement between the proposed billboard previously authorized by the Pelican/KFK permit. On June 7, 2018, Marco filed a petition for writ of mandamus, or in the alternative, petition for judicial review and declaratory judgment in the 19th Judicial District Court, naming DOTD and Pelican/KFK as defendants. In its petition, Marco requested the following relief from the trial court: (1) a writ of mandamus directing DOTD to void the permit it had illegally issued to Pelican/KFK and issue Marco's requested permit; and alternatively, (2) judicially review DOTD's decision to deny Marco's permit application; and in the further alternative, (3) enter a declaratory judgment that declared DOTD had unlawfully issued the permit to Pelican/KFK, so that permit should be voided, and a permit be issued to Marco whose application was improperly denied by DOTD.

DOTD filed exceptions and Pelican/KFK opposed all of Marco's claims. After a hearing, the trial court issued an interlocutory judgment dated September 19, 2018, dismissing Marco's mandamus claim. No party filed an application for supervisory writs or an appeal at that time. After another hearing, the trial court issued a second interlocutory judgment dated February 22, 2019, wherein the trial court dismissed Marco's request for judicial review for lack of subject matter jurisdiction. Again, no application for supervisory writs or appeals were filed at that time. Next, Marco filed a motion for summary judgment regarding its remaining claim for declaratory relief. After a hearing on Marco's motion, the trial court signed a declaratory judgment on August 20, 2019, declaring that DOTD's issuance of the state billboard permit to Pelican/KFK was improper; however, the trial court declined to revoke the Pelican/KFK permit or to order DOTD to issue a permit to

4

Marco. After this judgment, all of the parties appealed. Pelican/KFK and DOTD suspensively appealed the declaratory judgment. Marco filed a devolutive appeal regarding the trial court's prior interlocutory judgments denying Marco's mandamus claim and its alternative request for judicial review. However, this court dismissed the appeals for lack of appellate jurisdiction based on the absence of decretal language and a final judgment designation. See **Marco Outdoor Advertising, Inc. v. State, Dept. of Transportation and Development, et al**, 2019-1701 (La. App. 1st Cir. 8/5/20) (unpublished). Then, without a new hearing, the trial court issued an amended judgment that had a final judgment designation on September 23, 2020. All of the parties renewed their appeals.

DOTD and Pelican/KFK appealed the amended judgment, each asserting that the trial court erred in granting Marco's motion for summary judgment seeking a declaration that DOTD's issuance of the state billboard permit to Pelican/KFK was improper. DOTD and Pelican/KFK both argue that the trial court misinterpreted the statute regulating spacing of billboard signs, La. R.S. 48:461.4(A)(3)(a),[1] to include zoning ordinances. Additionally, Pelican/KFK maintain that the trial court erred in holding that DOTD could not lawfully issue a state billboard permit unless all local zoning ordinances were met. Marco did not appeal the amended judgment nor did it file an answer to Pelican/KFK and DOTD's appeals; rather, Marco's two appeals focus on the two prior interlocutory rulings wherein the trial court dismissed Marco's first two claims for mandamus and judicial review of DOTD's denial of Marco's permit application. All of the appeals were consolidated on May 6, 2021, after the parties filed a joint motion to consolidate in this court.

---

[1] Louisiana Revised Statutes 48:461.4(A)(3)(a) provides that signs shall conform with "all applicable building codes and ordinances." The trial court interpreted this language, along with applicable administrative rules and regulations established by DOTD, to require the applicant to establish that the proposed permit complied with all local zoning ordinances in order for DOTD to issue a permit to erect a billboard.

5

## MOOTNESS

As a threshold jurisdictional matter, we must first determine whether the questions before us in these consolidated appeals present a justiciable controversy or whether the matter has been rendered moot. See **Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193. According to Pelican/KFK's brief, in between the filing of the first set of appeals and the second set of appeals, on September 18, 2019, the Jefferson Parish Council enacted a zoning classification change for the proposed location of Pelican/KFK's billboard, which then allowed the erection of billboards. Jefferson Parish purportedly issued a local billboard permit to Pelican/KFK on November 15, 2019, and Pelican/KFK asserts that the billboard has now been erected pursuant to the state and local dual permit process at issue. Additionally, in oral argument before this court, counsel for Pelican/KFK acknowledged that the billboard was built.

Our review of the appellate record reveals a lack of documentation regarding Jefferson Parish's purported zoning change and the actual erection of the Pelican/KFK billboard. An appellate court must render its judgment upon the record on appeal. La. Code Civ. P. art. 2164. Appellate courts may not review evidence that is not in the appellate record or receive new evidence. Further, appellate courts do not rely on a party's statements or arguments in briefs to determine facts of the matter before it. **Save Our Hills v. Louisiana Department of Environmental Quality**, 2018-0100 (La. App. 1st Cir. 11/5/18), 266 So.3d 916, 926, writ denied, 2019-0057 (La. 3/18/19), 267 So.3d 87.

The doctrine of mootness, however, is a recognition that judicial rulings seeking to prohibit certain activities should be susceptible of implementation. When the occurrence has happened, the ruling cannot "reach back in time" and right the wrong done. **Id**. at 924, quoting, **In re Nat. Res. Recovery, Inc.**, 98-2917 (La. App. 1st Cir 2/18/00), 752 So.2d 369, 373, writs denied, 2000-0806, 2000-0836 (La.

6

5/26/00), 762 So.2d 1104, 1105. If the case is moot, then there is no subject matter upon which the judgment of the court can operate. **Save Our Hills**, 266 So.3d at 924.

In this case, the original hearing on Marco's motion for summary judgment was held on August 5, 2019, a little over one month before Jefferson Parish purportedly enacted the local zoning classification change that allowed the erection of billboards at Pelican/KFK's proposed location. The trial court granted summary judgment in Marco's favor on August 20, 2019, *before* the zoning classification was allegedly changed on September 18, 2019, and the billboard was actually erected by Pelican/KFK after Jefferson Parish issued Pelican/KFK a local billboard permit on November 15, 2019. The appellate record does not reflect that a separate hearing took place before the amended judgment was signed by the trial court on September 23, 2020. Additionally, the record does not reflect whether any of the parties informed the trial court of the local zoning change and erection of the Pelican/KFK billboard at issue. Thus, it is apparent that the trial court did not consider whether the case was moot at the time that it made its amended ruling on Marco's motion for summary judgment. Accordingly, we cannot say that the trial court did not have subject matter jurisdiction to rule on Marco's motion for summary judgment; and clearly, the matter before the trial court was not moot at that time. See **Save Our Hills**, 266 So.3d at 924-925.

We must consider, however, whether these consolidated appeals are now moot. If this court cannot grant Pelican/KFK or Marco any effective relief, then the appeals currently before us can have no practical effect. In determining whether this case constitutes an actual substantial dispute, this court may take judicial notice of the supposed change in the zoning classification in Jefferson Parish that would allow a billboard to be built in the proposed location. We can only do so, however, if a certified copy of the ordinance is filed with the court or one of the parties requests

7

that we take judicial notice of the ordinance.[2] Neither of those criteria are present. Further, the requirements of justiciability must not only be satisfied when the suit is initially filed, but must also remain throughout the course of the litigation up to the moment of final disposition. **Cat's Meow, Inc.**, 720 So.2d at 1193. When a challenged statute or ordinance is subsequently amended, mootness may result if the change corrects or cures the condition complained of or fully satisfies the claim. **Id.** at 1194.

In **Ulrich v. Robinson**, 2018-0534 (La. 3/26/19), 282 So.3d 180, 186, the supreme court stated, "courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies." A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts. **American Waste & Pollution Control Co. v. St. Martin Parish Police Jury**, 627 So.2d 158, 161 (La. 1993). Nonetheless, there is a well-established exception to the general rule of mootness. See **State v. Rochon**, 2011-0009 (La. 10/25/11), 75 So.3d 876, 884. Under the exception, a court may consider the merits of a case that would otherwise be deemed moot when the challenged action was in its duration too short to be fully appealed prior to its cessation or expiration and a reasonable expectation existed that the same complaining party would be subjected to a similar action. **Id.** Thus, if the underlying dispute is capable of repetition yet evading review, then it may be considered by the appellate court though technically moot. See **Kirk v. State**, 526

---

[2] Although this court is generally precluded from admitting new evidence, we are mandated by La. C.E. art. 202(A) to take judicial notice of the ordinances enacted by any political subdivision within the court's territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of this court. **City of Hammond v. Parish of Tangipahoa**, 2007-0574 (La. App. 1st Cir. 3/26/08), 985 So.2d 171, 177. See also La. R.S. 13:3712(B). In addition, a court must take judicial notice of ordinances enacted by any political subdivision of the state if a party requests it and provides the court with the information needed by it to comply with the request. La. C.E. art. 202(B)(1)(c); **State v. Davis**, 93-0599 (La. 4/11/94), 634 So.2d 1168, 1171. Judicial notice of such legal matters may be taken at any stage of the proceeding. La. C.E. art. 202(D).

8

So.2d 223, 226 n. 2 (La. 1988). Additionally, a case may become moot for several reasons, including: (1) a voluntary cessation of the challenged behavior; (2) because the law has changed; (3) because the allegedly wrong behavior has passed or could not reasonably be expected to recur; or (4) because a party could no longer be affected by a challenged statute. See **Comeaux v. Louisiana Tax Commission,** 2020-01037 (La. 5/20/21), ___ So.3d ___, ___, 2021 WL 2023073, *6.

In **Comeaux,** ___ So.3d at ___, 2021 WL 2023073 at *6, the Louisiana Supreme Court discussed the holding of a United States Supreme Court case, **City of Mesquite v. Aladdin's Castle, Inc.,** 455 U.S. 283, 283, 102 S.Ct. 1070, 1072, 71 L.Ed.2d 152 (1982), concerning a city's voluntary cessation of a challenged practice that included an amendment to a relied-upon ordinance. The Court found no deprivation of jurisdiction because the amended ordinance did not preclude the city from reenacting the same provision if the lower court's judgment was vacated. We find that a similar scenario could develop here. Jefferson Parish's local zoning ordinances could be changed again at the behest of any billboard company seeking a local billboard permit after receiving a state billboard permit from DOTD. Thus, the underlying fact that the billboard at issue in this case has actually been built does not present a hypothetical or abstract question of law. See **Comeaux,** ___ So.3d at ___, 2021 WL 2023073 at *6.

Finding that a justiciable controversy remains, we will review the trial court's declaratory judgment rulings on Marco's motion for summary judgment. Initially, though, we will discuss the propriety of reviewing the trial court's two prior interlocutory judgments.

## INTERLOCUTORY RULINGS

Notwithstanding that the parties have not raised the issue of subject matter jurisdiction, appellate courts have the duty to examine the basis of its jurisdiction *sua sponte*. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,**

2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to final judgments and judgments made expressly appealable by law. See La. Code Civ. P. art. 2083; **Herrara v. First Nat. Ins. Co. of Am.**, 2015-1097 (La. App. 1st Cir. 6/3/16), 194 So.3d 807, 810, writ denied, 2016-1278 (La. 10/28/16), 208 So.3d 885. A final judgment is one that determines the merits in whole or in part. La. Code Civ. P. art. 1841. A final judgment that partially determines the merits may be immediately appealed, as set forth in La. Code Civ. P. art. 1915(A).[3] However, La. Code Civ. P. art. 1915(B) provides that when a court renders a partial judgment or partial summary judgment as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand or intervention, the judgment shall not constitute a final judgment unless it is designated as such by the court after an express determination that there is no just reason for delay.

In these consolidated matters, the trial court granted Marco's motion for summary judgment, which only partially determined the merits of a portion of Marco's request for declaratory judgment, finding that DOTD improperly issued a state billboard permit to Pelican/KFK in a location where the local zoning ordinances did not allow for billboards. However, because none of the parties were dismissed and some of Marco's claims for declaratory relief remained, the judgment did not meet any of the criteria set forth in La. Code Civ. P. art. 1915(A) for an immediate appeal. But in an amended judgment signed on September 23, 2020, the trial court designated the judgment as final and found there was no just reason for delay, in

---

[3] Partial judgments immediately appealable under Article 1915(A) include: (1) a judgment dismissing the suit as to less than all of the parties; (2) a judgment granting a motion for judgment on the pleadings; (3) a judgment granting a motion for summary judgment, except a summary judgment granted pursuant to La. Code Civ. P. art. 966(E); (4) a judgment on either the principal or incidental demand, when the two have been tried separately; (5) a judgment on the issue of liability when that issue has been tried separately; and (6) a judgment imposing sanctions or disciplinary action pursuant to La. Code Civ. P. arts. 191, 863, or 864, or La. C.E. Art. 510(G).

accordance with La. Code Civ. P. art. 1915(B). We find that the amended judgment is properly before this court on appeal.[4] Only DOTD and Pelican/KFK have appealed the amended judgment.

Marco's appeals involve two admittedly interlocutory judgments that dismissed Marco's claims for mandamus relief on September 19, 2018, and judicial review of DOTD's state permit decision on February 22, 2019. Neither of those judgments were designated as final and neither were the subject of applications for supervisory writs. Because Marco has not answered the appeals of DOTD or Pelican/KFK, this court issued a show cause order on May 6, 2021, ordering the parties to show cause by briefs why the two interlocutory judgments are proper for this court's review. Only Marco responded with a brief, arguing that this court had jurisdiction to consider the two interlocutory rulings along with the appeal of the amended judgment that was final.

Marco relies upon jurisprudence of this court holding that when an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to it, in addition to the review of the correctness of the final judgment from which the party has taken an appeal. See **Hayward v. Hayward**, 2012-0720 (La. App. 1st Cir. 3/18/13), 182 So.3d 966, 970. However, the cases that Marco relies upon do not suggest that an interlocutory judgment may be appealed after a final judgment is rendered without seeking review of the final judgment as well. See **Palmisano v. Nauman-Anderson**, 2017-511 (La. App. 5th Cir. 12/27/17), 236 So.3d 1275, 1277. Each of Marco's appeals seek review of only the interlocutory judgments, not the final amended judgment.

---

[4] After reviewing the record in light of the factors set forth in **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122, we conclude that the trial court did not err in designating the amended judgment as final. Declaratory judgments have the force and effect of final judgments or decrees. **Pelican Educ. Found., Inc. v. Louisiana State Bd. of Elementary & Secondary Educ.**, 2011-2067 (La. App. 1st Cir. 6/22/12), 97 So.3d 440, 445.

11

Additionally, Marco did not file answers to the appeals of the final amended judgment. Appellees may seek review of interlocutory judgments involving the same or related issues by filing an answer to the appeal. See La. Code Civ. P. art. 2133; **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-1088 (La. App. 1st Cir. 3/15/18), 244 So.3d 441, 447, n. 2, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062; **Wilson v. Two SD, LLC**, 2015-0959 (La. App. 1st Cir. 12/23/15), 186 So.3d 103, 113. Since Marco has not answered the appeals of the final amended judgment, Marco's appeals of each of the interlocutory judgments are not properly before us.

In the alternative, Marco requests that its appeals of the interlocutory judgments be converted to applications for supervisory writs of review. Although we have the discretionary authority to convert an appeal to a writ application, we decline to do so in this case where the interlocutory rulings are arguably correct[5] and a reversal of the rulings would not terminate the litigation. The appellate record reflects that Marco has a pending motion for supplemental relief filed in and stayed by the trial court until a final resolution of DOTD and Pelican/KFK's appeals. See **Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (*per curiam*). Additionally, we note that Marco did not file its appeals of the interlocutory judgments within the delays allowed for filing supervisory writ applications. See Uniform Rules – Courts of Appeal, Rule 4-3; see also La. Code Civ. P. art. 1914.

For the stated reasons, we dismiss Marco's appeals of the September 19, 2018, and February 22, 2019, interlocutory judgments for lack of appellate jurisdiction.

---

[5] DOTD is afforded discretion in granting and revoking state billboard permits. See LAC 70:III:143(L). Moreover, DOTD's decisions in the billboard permit process are not "adjudications" within the meaning of Louisiana's Administrative Procedure Act, La. R.S. 49:950, *et seq.*, since there is no notice or record of an agency hearing provided for in the application process. See **Metro Riverboat Assoc., Inc. v. Louisiana Gaming Control Board**, 99-0863 (La. App. 1st Cir. 12/20/00), 774 So.2d 1193, 1197, writ granted, 2001-0185 (La. 6/1/01), 793 So.2d 188, aff'd in part, vacated in part, 2001-0185 (La. 10/16/01), 797 So.2d 656.

12

We now consider DOTD and Pelican/KFK's appeals of the final amended judgment rendered on September 23, 2020, declaring that the state billboard permit issued to Pelican/KFK was improperly issued by DOTD.

## DECLARATORY RELIEF

On appeal of a declaratory judgment, the scope of appellate review is confined to a determination of whether the trial court abused its discretion by granting or refusing to render declaratory relief. See **Goodwin v. City of Mandeville**, 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 828, writ denied, 2019-01083 (La. 10/8/19), ___ So.3d ___, 2019 WL 5390746. However, the amended judgment before this court on appeal was rendered pursuant to a motion for summary judgment. Thus, our review is *de novo*, according to the summary judgment standard. **Louisiana Hosp. Assn. v. State**, 2013-0579 (La. App. 1st Cir. 12/30/14), 168 So.3d 676, 684-685, writ denied, 2015-0215 (La. 5/1/15), 169 So.3d 372. The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. **MAPP Const., LLC v. Amerisure Mut. Ins. Co.**, 2013-1074 (La. App. 1st Cir. 3/24/14), 143 So.3d 520, 528. The declaratory judgment's distinctive characteristic is that the declaration stands by itself with no executory process following as a matter of course. **Louisiana Hosp. Assn.**, 168 So.3d at 684. The declaration shall have the force and effect of a final judgment or decree. **Pelican Educ., Found. Inc. v. Louisiana State Bd. of Elementary & Secondary Educ.**, 2011-2067 (La. App. 1st Cir. 6/22/12), 97 So.3d 440, 445.

The material facts of this case are not in dispute. The real issue is whether the trial court correctly interpreted and applied the law. Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. **Louisiana Hosp. Assn.**, 168 So.3d at 685. When summary judgment is granted in the context of statutory interpretation, as was done by the trial court in

13

this case, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statute at issue. **State v. Louisiana Land and Exploration Company**, 2012-0884 (La. 1/30/13), 110 So.3d 1038, 1044. Further, no prohibition exists against the granting of a summary judgment in an action for declaratory judgment. **Pride Network, Inc. v. Town of Amite City**, 2015-1849 (La. App. 1st Cir. 11/4/16), 2016 WL 6583737, *2 (unpublished), writ denied, 2016-2147 (La. 1/13/17), 215 So.3d 250. On legal issues, the appellate court gives no weight to the findings of the trial court, but exercises its constitutional duty to review questions of law *de novo*, after which it renders judgment on the record. **Boyd Louisiana Racing, Inc. v. Bridges**, 2018-1309 (La. App. 1st Cir. 1/8/20), 294 So.3d 503, 510.

On appeal, DOTD and Pelican/KFK both argue that the trial court misinterpreted La. R.S. 48:461.4(A)(3)(a), the law regarding spacing between billboards, to include zoning ordinances. Our interpretation of the relevant statutory language is guided by well-established rules of statutory construction. **Turner v. East Baton Rouge Parish School Board**, 2017-1769 (La. App. 1st Cir. 6/4/18), 252 So.3d 990, 992, writ denied, 2018-1127 (La. 10/15/18), 253 So.3d 1299. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. **Id**. The starting point for interpretation of any statute must be the language of the statute itself. **Vine v. Teachers Retirement System of Louisiana**, 2019-0106 (La. App. 1st Cir. 12/19/19), 292 So.3d 116, 122.

Laws on the same subject matter must be interpreted in reference to each other. La. Civ. Code art. 13. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and its letter shall not be disregarded in search of the intent of the legislature. La. Civ. Code art. 9. **Barrilleaux v. NPC, Inc.**, 98-0728 (La. App. 1st Cir. 4/1/99), 730

14

So.2d 1062, 1064, <u>writ denied</u>, 99-1002 (La. 5/28/99), 743 So.2d 672. It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, and that no unnecessary words or provisions were used. **Id.** at 1064-1065. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless. **Id.** at 1065. Further, the legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. **Id.** Where possible, courts have a duty to adopt a construction of a statute that harmonizes and reconciles it with other provisions dealing with the same subject matter. **Turner**, 252 So.3d at 993. Lastly, when the legislature specifically enumerates a series of things, the legislature's omission of other items, which could have been easily included in the statute, is deemed intentional. **Louisiana Hosp. Assn.**, 168 So.3d at 687.

Applying these rules of statutory construction and interpretation to the statute at issue, we first note the legislature's declaration of policy in La. R.S. 48:461 as follows:

> The Legislature finds and declares that outdoor advertising . . . [is a] legitimate commercial [use] of private property and, for the purpose of promoting the public safety, health, welfare, convenience and enjoyment of public travel . . . it is hereby declared to be in the public interest to regulate and restrict the erection and maintenance of outdoor advertising . . . in areas adjacent to the Interstate and Primary Highway Systems within this State.

To control outdoor advertising, the legislature further enacted La. R.S. 48:461.3, which authorizes DOTD to promulgate regulations governing the issuance of permits, and mandates compliance with federal and state law. The legislature also enacted La. R.S. 48:461.4, which provides in pertinent part:

> A. Notwithstanding any other provisions of this Part, outdoor advertising shall be permitted in areas zoned industrial or commercial and in unzoned commercial and industrial areas as hereafter defined . . . provided they are located in zoned or unzoned commercial or industrial areas and meet the size, lighting, and

15

spacing requirements . . ., subject to the following regulations which are declared to be consistent with customary use in this state:

\* \* \*

(3) Spacing of signs

(a) Signs shall conform to all applicable building codes and ordinances.

DOTD's administrative rules and regulations concerning the procedures and policies for issuing state permits for controlled outdoor advertising are in the Louisiana Administrative Code ("LAC"). See LAC 70:III:134, 143, and 144. Section 143(C) provides that "All permits for the erection of outdoor advertising shall be conditioned upon compliance with state law[.]" Further, in Section 143(G), DOTD's regulations provide that "Every applicant who seeks to situate a controlled advertising structure in a commercial or an industrial zone shall furnish evidence of the restrictive zoning of the subject land on [DOTD's] *zoning supplement form* which shall be completed by the appropriate state or local authority." (Emphasis added.) The 500-foot spacing requirement between outdoor advertising signs is outlined in Section 134(C)(1), providing that "no two structures shall be spaced less than 500 feet apart." In summary, the required process for lawfully erecting a billboard in Louisiana requires an application to DOTD for a state billboard permit and then the applicant must demonstrate compliance with local zoning regulations by filing with DOTD a zoning supplement form completed by the appropriate local authority.

The trial court's interpretation of La. R.S. 48:461.4(A)(3)(a) inserted an extra word into the phrase "all applicable building codes and ordinances," changing the phrase to "all applicable building codes and *zoning* ordinances." We find this was legal error on the part of the trial court. The legislature carefully and with deliberation enacted the subject phrase without the word "zoning" inserted. It was the legislature's prerogative to omit zoning from that particular clause of the statute, which it could have easily included as it had in other sections. The well-settled

16

doctrine of statutory construction, *expression unius et exclusion alterius*, teaches us that the legislature's omission in this instance must be deemed intentional. See **Louisiana Hosp. Assn.**, 168 So.3d at 687. Additionally, when the context of a statutory provision does not clearly indicate otherwise, we are required to ascribe a conjunctive meaning to the word "and."[6] **Smith v. Our Lady of the Lake Hospital, Inc.**, 624 So.2d 1239, 1249 (La. App. 1st Cir. 1993). See also, La. Code Civ. P. art. 5056. Therefore, it follows that from the plain wording of the statute at issue, in an effort to control outdoor advertising, the legislature requires that all billboards must conform to all applicable building codes *and* building ordinances. See La. R.S. 48:461.4(A)(3)(a). Thereafter, the applicant must show compliance with local zoning regulations by filing with DOTD a zoning supplement form completed by the appropriate local authority. See LAC 70:III:143(G). Meeting the local zoning regulations is a separate step in the legislature's dual billboard permitting process.

Accordingly, we find it inappropriate for the trial court to have rendered a summary judgment declaring that DOTD improperly issued a state billboard permit to Pelican/KFK for a location where the local zoning law did not allow erection of a billboard. The proper procedure for supplementing the state billboard permit with the appropriate local zoning ordinance is provided for in LAC 70:III:143(G). Therefore, we reverse that portion of the trial court's judgment granting summary judgment in favor of Marco, declaring that the state billboard permit issued to Pelican/KFK by DOTD was improper.

---

[6] Rules of grammar govern statutory interpretation unless they contradict legislative intent or purpose. **Federal Deposit Ins. Corp. v. Belcher**, 978 F.3d 959, 962 (5th Cir. 2020). Conventional rules of grammar demonstrate that the word "and" is a coordinating conjunction that adds or links one word to another and shows how the words are related, specifically connecting words, phrases, and clauses that are of equal importance in the sentence. See J. Hodges, et al., *Harbrace College Handbook*, 12th Ed. at page 16, Rule 1c(7) (1994). Thus, the phrase "all applicable building" modifies both "codes" and "ordinances," joining those words equally.

## CONCLUSION

For the outlined reasons, we reverse the trial court's September 23, 2020 amended judgment (Appeal 2021 CA 0123) that granted summary judgment in favor of Marco Outdoor Advertising, Inc., and declared that the Department of Transportation and Development had improperly issued a state billboard permit to Pelican Outdoor Advertising, Inc./KFK Group Inc. Further, we dismiss Marco Outdoor Advertising, Inc.'s appeals of the two interlocutory judgments (Appeals 2021 CA 0353 and 2021 CA 0354) dated September 19, 2018, and February 22, 2019. This matter is remanded for further proceedings consistent with this opinion. Appeal costs are assessed against Marco Outdoor Advertising, Inc.

**INTERLOCUTORY JUDGMENTS DATED SEPTEMBER 19, 2018, AND FEBRUARY 22, 2019, DISMISSED FOR LACK OF APPELLATE JURISDICTION; AMENDED JUDGMENT DATED SEPTEMBER 23, 2020, REVERSED; AND MATTER REMANDED.**